THE CASTLE, 19 GREENOUGH PLACE, INC. *vs.* MAYOR AND BOARD OF ALDERMEN OF CITY OF NEWPORT.

DECEMBER 8, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This petition for certiorari is directed to the mayor and board of aldermen of the city of Newport, acting in their capacity as a board of license commissioners, and seeks to have quashed as illegal the record and action of that board in refusing to grant the petitioner's application for a retailer's class B liquor license. In response to the writ the respondents, hereinafter called the board, appeared before us and produced the record of the proceedings in question.

From that record it appears that the respondents were acting as a board of license commissioners in accordance with general laws 1938, chapter 164, §4; that the petitioner, a corporation, duly applied for a retailer's class B or tavern liquor license for the premises situated at 19 Greenough Place in Newport; that a hearing thereon was duly advertised by the board and held in accordance with G. L. 1938, chap. 163; that prior to that hearing many "owners or residents of real estate within the general vicinity" of the premises to be licensed filed with the board written objections to the granting of this application; and that the board thereupon denied the application on the sole ground that it was without jurisdiction under the statute to grant the license.

It further appears that thereafter, upon the petitioner's request, the board reopened and readvertised this application for a new hearing, thus nullifying the above decision. Accordingly, the board held several further hearings thereon at which evidence was introduced and the written objections of the above-mentioned "owners or residents" were filed with the board. The petitioner and these objectors were represented by counsel.

At the conclusion of these hearings the board voted as follows: "Commissioner Gladding: It is my understanding that the owners of the property within two hundred feet,

the majority of the owners, have objected to the granting of the license and it is also my understanding it is mandatory upon the board to refuse, therefore I move the license be rejected, that the application for a license at 19 Greenough Place be refused. Commissioner Hussey seconded the motion—and it was unanimously voted." It is this order and action by the board which the petitioner seeks to have quashed on the ground that it was illegal.

Counsel for the petitioner concedes that, in certiorari proceedings to review actions of local licensing boards in the granting or refusing of such licenses, this court will investigate the evidence not to weigh it or pass upon its credibility, but only to ascertain whether there is any legal evidence to support the ruling. *Lonsdale Co.* v. *License Commissioners,* 18 R. I. 5; *Baginski* v. *Alcoholic Beverage Comm.,* 62 R. I. 176, 4 A. 2d 265.

He further concedes that this petition must fail if there is any legal evidence to show the board's *lack* of jurisdiction because of sufficient objections filed with the board by proper "owners" of land, in accordance with the statute. But he argues that there is no evidence whatever in the record to show that these objectors constitute "the owners of the greater part of the land within 200 feet of such building or place" to be licensed, as is required to deprive the board of jurisdiction. G. L. 1938, chap. 163, §7.

The board, through the city solicitor, contends that the written objections on file before the hearing show that the objectors own the greater part of such land; that a plat which, at the instance of the board, was made and introduced in evidence shows that these objectors were the owners of the greater part of such land; and that this evidence, together with certain testimony, brings the case within the provisions of the pertinent statute, especially in the absence of any showing by the petitioner to the contrary.

We are of the opinion that the first contention of the board is not sound. G. L. 1938, chap. 163, §7 reads in part as follows: "Retailer's class B and class C licenses under this chapter *shall not be issued* to authorize the sale of beverages in any building or place *where the owners of the greater part of the land within 200 feet of such building or place shall file* with the body or official having jurisdiction to grant licenses *their objection* to the granting of such license; . . . ." (italics ours)

The several objections that were filed against the granting of this application represented generally that the subscribers "are owners of real estate within the general vicinity of the former Richard Washburn Child property at 19 Greenough Place"; or that they "are owners or residents of real estate within the general vicinity" of petitioner's premises. These objections contained no address or other designation or description to indicate which of the subscribers were "owners", or what property they owned, or where it was located. Obviously they fail to show by themselves that the objectors were "the owners of the greater part of the land within 200 feet of such building or place" to be licensed.

The board contends, however, that this deficiency is supplied by other evidence presented at the hearing. This included a plat which was prepared by an engineer in the department of public works of the city of Newport from personal investigation and other information obtained by him from the tax assessors' records, which were substantially brought to date from the records of land evidence in the city clerk's office. The plat shows the streets and boundaries of various parcels of land in the immediate vicinity of the premises to be licensed and contains a dotted circular-like line purporting to show the land within two hundred feet of the building. The names of the assessed owners appear on their respective parcels of land within the area limited

by this dotted line. There was some testimony connecting these owners with certain of the objectors.

In our opinion there is some evidence in the record from which it is reasonable to infer that these designated assessed owners of the land were the actual owners and corresponded with certain of the persons who filed their objections in writing. The petitioner made no effort to contradict this fact except to demand that the owners must be summoned by the board to appear in person to prove their ownership.

But this court has stated in *Lonsdale Co.* v. *License Commissioners, supra,* that the question before the commissioners upon receipt of objections under such a statute "is simply whether the objectors own or occupy the greater part of the land within two hundred feet of the place for which the license is sought. If it is shown that they do, the Commissioners are without jurisdiction to grant the license requested . . . "; and also that "we see no reason why said owner or occupant may not object to the granting of a license by his agent, as well as in person, there being nothing in the law, which requires the party in interest personally to object, or personally to appear at the hearing." In that case a portion of the statute permitting objections by *occupants,* as well as owners, was slightly different from the statute in the instant case, but otherwise the contention and the court's decision were, in principle, essentially the same.

The only remaining question is whether those who filed objections were also "the owners of the greater part of the land within 200 feet of such building or place" to be licensed. If so, the board would be deprived by the statute of jurisdiction to grant such a license; otherwise it would have jurisdiction. The respondents contend that the plat "speaks for itself" and also that the board was entitled to get such evidence from any pertinent sources available to it.

But the plat does not show anywhere the area of any of the land owned by the objectors or by those who did not object. If, as respondents argue, the board was entitled to obtain this or equivalent information from any available source, the record does not show that this was done. As a matter of fact, the engineer who prepared the plat testified as follows: Q. "Have you figured the area of the land within two hundred feet of the building?" A. "No sir, I have taken no areas." Then followed a colloquy between counsel which brought out the city solicitor's advice to the board that the area of the land owned by the objectors within two hundred feet of the building to be licensed was a material inquiry.

Following a request of petitioner's counsel and the city solicitor's offer to obtain such areas, the same witness testified: "If it is acceptable to take that as property lines I can get it out *in a few days*." (italics ours) Notwithstanding this, the transcript shows that the board did not wait to obtain that important information from him, or elsewhere, but voted *immediately* to deny the application for a license on the understanding that it was mandatory to refuse it because "the owners of the property within two hundred feet, *the majority of the owners,* have objected to the granting of the license". (italics ours)

In this situation it is clear that the board did not ascertain from any evidence the ownership "of a greater part of the land" in question and that it did not feel that such ownership was material. On the contrary the board voted and acted upon the expressed understanding that it must refuse the license because "the majority of the owners" objected thereto. Whether the objectors constituted "the majority of the owners" of the land in question was not material. The real question to be determined by the board was whether the objectors, regardless of their number, owned "the greater part of the land within 200 feet of such building or

place" to be licensed. In basing their action upon a mere numerical majority of the owners, as disclosed in the record, the board clearly acted upon a misconception of the law.

In our opinion, therefore, the petitioner is entitled to the relief for which it prays. Accordingly, the portion of the record and action of the respondent board, in denying the petitioner's present application for a retailer's class B liquor license on the sole ground as stated in the record before us, is hereby quashed.

*William Williams*, for petitioner.

*Jeremiah A. Sullivan*, City Solicitor, for respondents.