ELMWOOD TAP, INC. *vs.*
JAMES S. DANEKER, *Acting Liquor Control Adm'r.*

JULY 25, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This petition for certiorari was brought by the applicant for a class C license to sell intoxicating beverages at 438 Friendship street in the city of Providence. The respondent is the acting liquor control administrator for the state of Rhode Island. Hereinafter he will be called the administrator. Petitioner seeks to have quashed as illegal the record and action of the administrator in refusing to entertain its application for the above-mentioned license on the ground that he had no jurisdiction in the matter because "the owners of the greater part of the land within 200 feet of such building or place" had filed their objections to the granting of the license in accordance with general laws 1938, chapter 163, §7, which objections, considered as a whole, we will hereinafter call a "legal remonstrance." The record in question, which includes a transcript of the evidence at the hearing before the administrator, was duly certified to this court in response to the writ. No procedural question is involved in the case.

The controlling issue before us is whether the administrator was justified in refusing to consider petitioner's appeal from a decision of the bureau of police and fire of the city of Providence, hereinafter called the bureau, on the evidence in the present record. In certiorari proceedings to review actions of local and state licensing boards or agencies we will examine the evidence, not to weigh it or pass upon its credibility, but only to ascertain whether there is any legal evidence to support the ruling. *The Castle, Etc.* v. *Mayor of Newport,* 63 R. I. 493; *Baginski* v. *Alcoholic Beverage Comm'n,* 62 R. I. 176; *Lonsdale Co.* v. *Board of License Comm'rs,* 18 R. I. 5. Under such rule the decision of the administrator in the case at bar will not be disturbed

if there is some evidence in the present record to support his finding of a legal remonstrance.

The evidence on that point consisted of a plat showing the streets and boundaries of various lots of land within 200 feet of the premises in question, to which plat there was attached a list of the prospective lot owners with their addresses; a remonstrance in writing with the signatures and addresses of objectors claiming to be owners of property within that area; the testimony of certain police officers of the city of Providence who, at the request of the bureau, interviewed all objectors whose names appeared on a remonstrance in writing filed with the bureau; and the testimony of a number of such owners who objected in person to the granting of the application. A tabulation based upon the foregoing evidence showed that the total area of land within 200 feet of petitioner's building, streets excluded, was 107,210 square feet with the objectors owning 62,890 square feet thereof, which latter area clearly came within the prohibition of the statute, and the administrator so held upon the uncontradicted evidence before him.

Petitioner's contention in substance is that the plat was incompetent evidence; that all the other evidence in relation thereto was of no legal force and effect; that the objectors who appeared in person did not own sufficient land within 200 feet of the premises to establish a legal remonstrance; and that therefore the administrator erred in refusing to consider its application on the ground of lack of jurisdiction.

The plat, which was drawn in accordance with Providence assessors' plat card 23, showed the numbers and areas of the lots within the 200 feet limit. It appears that said plat was drawn in 1949 and was then used in connection with petitioner's prior application for a class C liquor license at the same location. Apparently that application was denied by the bureau on the ground of lack of jurisdiction because of a legal remonstrance. The application involved in the instant case, which seeks the grant of the same kind

of license for the same place, was filed about a year thereafter.

Petitioner's present contention is fundamentally based on the premise that the 1949 plat, which was used at the hearings by the bureau and the administrator, was inadmissible and incompetent evidence in this case because that plat was not a current one with reference to the ownership by objectors of the lots thereon delineated. Starting with that assumption petitioner then proceeds to eliminate as of no probative value the testimony of the police officers concerning their investigation of such ownership just prior to the hearing by the bureau, arguing that the officers did nothing more than to prepare a list of owners from the exhibit which was attached to the 1949 plat. The conclusion urged from such premise and argument is that there is no legal evidence in the present record to prove a legal remonstrance and that therefore the administrator erred in his finding to that effect.

We cannot agree with the petitioner on either point. In the circumstances the objection to the plat went to its weight and not to its admissibility in evidence. As to the officers' testimony, it is our judgment that petitioner's view thereof is not consistent with the record. That view completely disregards their testimony to the effect that they interviewed each objector personally to ascertain his ownership of land standing in his name just prior to the hearing of the instant application by the bureau. It was after such investigation and based thereon that the officers prepared for the convenience of the bureau and of others in interest a list of objectors showing, by lot numbers and areas, that the present objectors collectively owned the greater part of the land within 200 feet of petitioner's building. This graphic reproduction of the actual situation existing immediately before the hearing in the instant case with reference to the amount of land owned by the objectors was in accord with the plat and the exhibit attached thereto, the written remonstrance on file, and the

testimony of the officers and of the objectors who testified in person before the administrator.

Petitioner argues that this case is controlled by our decision in *The Castle, Etc.* v. *Mayor of Newport, supra,* where we quashed that portion of the record denying petitioner's application for a liquor license on the ground of a legal remonstrance. That case is clearly distinguishable from the one at bar. In *The Castle* case there was no evidence whatever showing how much land the objectors owned within 200 feet of the building for which the license was sought. Neither the plat nor the engineer who prepared it gave the licensing board any competent information on that controlling point.

The situation in the instant case is quite different. In the circumstances herein outlined there was uncontradicted evidence, either direct or by reasonable inference, to warrant the administrator in holding that the objectors had established a legal remonstrance and that therefore he was without jurisdiction by force of the statute. If petitioner deemed the evidence with reference to the areas owned by objectors insufficient as a matter of fact, it was free to produce evidence to the contrary, which it did not do. On the record before us we find no error in the action taken by the administrator.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*Marshall B. Marcus,* for petitioner.

*William E. Powers,* Atty. Gen., *Robert A. Coogan,* Ass't Atty. Gen., *Benjamin Winicour,* for respondent.