### In re CAMELOT COURT, INC., Debtor.

### Bankruptcy No. 8100212.

United States Bankruptcy Court,
D. Rhode Island.

July 12, 1982.

---

David J. Kehoe, Warwick, R. I., for Doris Kidd.

Jason D. Monzack, Halpert & Scoliard, Providence, R. I., trustee.

Thomas H. Quinn, Jr., Schectman & Quinn, Providence, R. I., amicus curiae.

F. William Buckley, Dist. Counsel for Small Business Administration, Providence, R. I., amicus curiae.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Trustee's objection to the secured claim of Doris Kidd, in which he raises the question whether a Rhode Island liquor license may be the subject of a security interest.

In 1979 Camelot Court, Inc. was the owner of a restaurant being operated by Linda and Salvatore DeSimone, who were also the sole shareholders. On October 23, 1979, the corporation obtained a loan from Doris Kidd, and as part of that transaction a security interest was granted to Doris Kidd in all personal property of Camelot Court, including its Class B liquor license.

On March 19, 1981, Camelot Court, Inc. filed a Chapter 11 petition for reorganization, and on motion of the Debtor-in-Possession a trustee was appointed to supervise the sale of substantially all the assets of the estate, including the liquor license. On July 1, 1981, with Court approval, the trustee sold the assets to Rosebud's, a restaurant owned by Gary L. Gama and Glen A. Gama.

Although Mrs. Kidd assented to the sale, she objects to any distribution of the proceeds, asserting that she has a valid security interest in those funds. The Trustee disagrees, and asserts that under the Rhode Island liquor control statutes, the limitations upon a licenseholder's right to transfer the license impliedly impair the ability to grant a security interest in such licenses.

The Trustee does not dispute that the U.C.C. allows the Debtor to grant a security interest in a liquor license, or that the security interest in the instant case is valid under the provisions of the Code. He argues instead that R.I.Gen.Laws §§ 3–5–29 and 3–5–19,[1] which exclusively govern the

---

1. R.I.Gen.Law § 3–5–29. *Prohibition against assignment or leasing of license.*—The holder of license issued pursuant to this title shall not assign, rent, lease or let the same but may transfer his interest therein only as provided in § 3 -5-19.
R.I.Gen.Law § 3–5–19. *Transfer or relocation of license.*—The board, body or official which shall have issued any license under this title may permit such license to be used at any other place within the limits of the town or city where the same was granted, or, in their [discretion], permit such license to be transferred to another person, but in all cases of change of licensed place or of transfer of license, said issuing body shall, before permitting such change or transfer, give notice of the application for such change or transfer in the same manner as is provided in this chapter in case of original application for such license, and new bond shall be given upon such issue of the license; provided however that notice by mail need not be made in the case of a transfer of a license without relocation. In all cases of transfer of license, indebtedness of the licensee incurred in the operation of the licensed premises shall be paid to or released by an objecting creditor before said issuing body shall permit such transfer. In cases of dispute as to the amount of indebtedness, the issuing body, may, in its discretion, permit such transfer upon statement of the licensee, under oath, that the

method of transfer of any interest in such licenses, do not give a licenseholder the specific right to grant a security interest, or conversely, that the Rhode Island liquor control laws impliedly prohibit the granting of a security interest in liquor licenses. In this regard, the Trustee has the burden of proving that the instant transaction is not controlled by the provisions of the Code, or that it comes within some statutory exception. *E. Turgeon Construction Co., Inc. v. Elhatton Plumbing & Heating Company, Inc.,* 110 R.I. 303, 308, 292 A.2d 230 (1972).[2]

R.I.Gen.Law § 6A–1–104 states that the U.C.C. is a "general act intended as a unified coverage of its subject matter, [and that] no part of it shall be deemed to be impliedly repealed by subsequent legislation if such construction can reasonably be avoided." The comment to this section states that the U.C.C. was integrated and intended as a uniform codification of permanent character covering an entire field of law, and "is to be regarded as particularly resistant to implied repeal." *See* R.I. Gen.Law § 6A–1–104 comment (1960). The Rhode Island liquor control statutes, on the other hand, do not specifically regulate the creation, construction or validity of security interests in liquor licenses,[3] and there is no legislative history or case law which construes the application of such statutes in the manner suggested by the Trustee.[4]

Because of the expressed legislative intent to preserve the integrity of the U.C.C. from implicit repeal, and the absence of language which specifically impinges on a licensee's right to grant a security interest in a liquor license, this Court concludes that the U.C.C. is controlling, and that a Rhode Island liquor license may be the subject of a valid security interest—notwithstanding R.I.Gen.Law § 3–5–29. The Trustee is ordered to turn over the proceeds from the

sale of the liquor license in question to Doris Kidd.

---

claim of indebtedness is disputed and that the statement of dispute is not interposed for the purpose of inducing transfer of the license. . . .

**2.** The comment to R.I.Gen.Law § 6A–9–102 provides that all consensual security interests in personal property and fixtures, except those specifically excluded in R.I.Gen.Law § 6A–9–104, are controlled by Article 9.

**3.** See supra note 1.

**4.** Surprisingly, this issue has not been determined in a Rhode Island case, or, put more conservatively, if such a case has been reported it has escaped the research efforts of this year's law clerks.