DECISION
This matter comes before the court on plaintiff's appeal of a decision issued by the Department of Business Regulation (DBR) revoking plaintiff's liquor license. The appeal is pursuant to G.L. § 42-35-15
of the Rhode Island General Laws.
 Facts/Travel
In 1999, Jake and Ella's Corp. (plaintiff) obtained a class B liquor license through the statutorily prescribed process of transfer. See G.L. § 3-5-19. The transferor of the license also conveyed a lease of the business premises and retained a right to buy back the license in the event of default by plaintiff. Plaintiff utilized the subject license at the bar/restaurant which they had leased. The business was located at 636 Thames Street in Newport, Rhode Island.
On August 15, 2000, plaintiff was cited by the Newport Board of License Commissioners for having allowed after-hours drinking by employees on the premises. After a public hearing, a $500 fine was imposed, and no appeal was taken.
Approximately four months later, on December 1, 2000, the Newport Police were dispatched to the plaintiff's bar after having received complaints from neighbors about loud music coming from the premises. When the police arrived, they peered through the window of the establishment and observed three men sitting at the bar. In light of the fact that it was after-hours (5:15 A.M.), the police sought and gained access to the bar room. One of the men was an employee of the bar, and the other two were musicians who had played that evening. There were cold draft beers on the bar, leading the police to reasonably conclude that after-hours drinking had occurred.
The police subsequently wandered into the kitchen area where they found an officer and stockholder of Jake and Ella's Corp., apparently in an obvious state of intoxication. The man was behaving in a belligerent fashion and engaging in argument with the officers. At one point, the man made a clumsy and feeble attempt to strike one of the officers. Consequently, the police charged the man with disorderly conduct, eventually resulting in a plea of nolo contendere and filing of the case for one year. Other than this single act of defiance, there were not any other incidents of disorderliness towards the responding officers.
As a result of the aforementioned incident, plaintiff was again cited by the Board of License Commissioners, who after public hearing on January 10, 2001, voted to revoke plaintiff's liquor license. Plaintiff took a timely appeal to the DBR pursuant to G.L. § 3-7-21. A hearing officer conducted a de novo hearing on March 8, 2001. On September 24, 2001, the hearing officer rendered a written decision affirming the revocation of the Liquor Commission. The instant appeal was filed on October 12, 2001.
Plaintiff raises several arguments on appeal. Firstly, plaintiff argues that the hearing officer committed an error of law when he merely reviewed the local licensing board for errors of law, rather than substituting his judgment for that of the local board in a de novo manner. Plaintiff further argues that the sanction imposed, namely revocation, was unduly harsh, arbitrary and capricious, and an abuse of discretion under the particular facts of the case. Finally, plaintiff argues that the transferor of the license maintained an "equitable interest" in the license, even after transfer, thereby making it an error of law to preclude any consideration of the transferor's plight vis a vis the revocation.[1] This Court will first address the rights of the transferor.
 Failure to Consider Rights of the Transferor
As a general rule, the holder of a liquor license may freely contract to transfer the license to other persons subject to official approval of the transfer. Samuel's Realty Corp. v. McCarthy, 512 A.2d 872 (R.I. 1986). A transferee of the license must meet the same requirements as the original applicant satisfied. As such, a transfer of a liquor license operates as a complete transfer, and the original holder would lose whatever rights it once had in that license. The fact that the transferor in the case at bar retained a security interest in the license does not mandate a consideration of their plight due to revocation of the present holder. In fact, when the transferor took this security interest, it assumed any risk that the license would subsequently be suspended or revoked. This Court notes that a license does not equate with real property in the traditional sense, and the secured party is unfortunately subject to any legal impediment that the holder encounters. Any other result would unduly burden the local boards who are charged with regulating the actions of license holders. Therefore, the DBR hearing officer did not commit error by failing to take into consideration the hardship to the transferor/secured party.[2]
 Standard of Review
This Court will review the decision of the DBR pursuant to §42-35-15(g), which provides that when reviewing a contested agency decision: "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency with regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission, 509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the DBR's decision. Newport Shipyard v. Rhode Island Commission for Human Rights, 484 A.2d 893 (R.I. 1984). `Substantial evidence' is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v. George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than did the agency. Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). Questions of law, however, are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody, 509 A.2d at 458. This Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority v. Rhode Island Labor Relations Board,650 A.2d 479, 485 (R.I. 1994).
 Review of Liquor Control Administrator's Decision
Under § 3-5-15, local licensing authorities, such as the Board, possess the right, power, and jurisdiction to issue liquor licenses. All decisions of the issuing authority are reviewable de novo by the DBR/LCA. § 3-7-21; see also Hallene v. Smith, 98 R.I. 360, 365,201 A.2d 921, 924 (1964) (licensees entitled to de novo, rather than appellate, review of local board's decision). A hearing is required by law when the applicant appeals to the Liquor Control Administrator. §3-7-21. The Superior Court may subsequently review decisions of the Administrator under the Administrative Procedures Act, G.L. § 42-35-15. See Sunny Day Restaurant, Inc. v. Beacon Restaurant, Inc., 103 R.I. 707, 708, 241 A.2d 295, 296 (1968) (tracing avenue of appeals for liquor license applications). This review, however, is limited in scope, allowing for reversal or modification of agency action only in specifically enumerated circumstances. See § 42-35-15(g).
In contrast, the issuing authority enjoys broad discretion when making an initial determination to revoke a license. § 3-5-21. This Court's review of decisions made by DBR, either affirming or reversing the local board, focuses on whether DBR has abused that discretion. When reviewing a ruling of the issuing authority granting or refusing a liquor license application, the Court should review the evidence, not to weigh it or pass upon credibility, but to ascertain whether there is any legal evidence to support the agency's ruling. The Castle, 19 Greenough Place v. City of Newport, 63 R.I. 493, 495, 9 A.2d 710, 711 (1939). Because decisions of the local licensing authority are reviewable de novo (see § 3-7-21) any discretion resting in the former necessarily exists in the latter as well. See Baginski v. Alcoholic Beverage Commissioner, 62 R.I. 176, 182-83, 4 A.2d 265, 268 (1939) (interpreting statutory language allowing DBR to review issuing authority decision and affirm, reverse or modify "as to it shall seem proper," thus granting Administrator same discretion as issuing authority.
 Liquor License Revocation and De Novo Review
A threshold issue is whether the DBR applied the correct legal standard. The plaintiff argues that DBR impermissibly reviewed the liquor board for errors of law, rather than de novo. Plaintiff also argues that imposing the sanction of revocation was unduly harsh.
The authority of the DBR to review the issuance, suspension, revocation, or renewal of a liquor license is specifically delegated in § 3-7-21, entitled "Appeals from the local boards to director," states in pertinent part: "(a) Upon the application of any petitioner for a license, or of any person authorized to protest against the granting of a license, including those persons granted standing pursuant to §3-5-19, or upon the application of any license has been revoked or suspended by any local board or authority, the director has the right to review the decision of any local board, and after hearing, to confirm or reverse the decision of the local board in whole or in part, and to make any decision or order he or she considers proper. . . ."
As such, the DBR can conduct appellate review of the decision of the local board and is not limited solely to de novo review. Similarly, the Rhode Island Supreme Court has interpreted § 3-5-21 as designating the liquor control administrator at the DBR to be a super licensing authority with the power to review decisions of the local licensing board de novo and has noted that its authority is not limited to mere appellate review. Hallene v. Smith, at 924. Therefore, it can fairly be said that the discretion given to the DBR goes as far as to vest the hearing officer with the authority to review the local board partially de novo and partially appellate if he/she sees fit. Further authority for this proposition can be found in § 3-7-21(c), which provides: "The director may accept into evidence a stenographic transcript of a witness's sworn testimony presented before the local board.
. . . This testimony may be rebutted by competent testimony presented at the hearing held by the director." In light of the enormous discretion bestowed on the DBR, it cannot be said that the hearing officer erred as a matter of law when he conducted review that was partially appellate and partially de novo.[3]
 Sanction Review
With respect to revocation or suspension of a license, § 3-5-21
states in pertinent part:
 "(a) Every license is subject to revocation or suspension and a license is subject to fine by the board or official issuing the license, or by the department . . . on its own motion, for breach by the holder of the license of the conditions on which it was issued or for violation by the holder of the license of any rule or regulation applicable, or for breach of any provisions of this section. . . ." (Emphasis added.)
Furthermore, § 3-5-23, entitled "Revocation of license for criminal offenses or disorderly conditions — Actions on bond," states in pertinent part:
 "(b) If any licensed person permits the house or place where he or she is licensed to sell beverages under the provisions of this title to become disorderly as to annoy and disturb the persons inhabiting or residing in the neighborhood, or permits any gambling or unlawful gaming to be carried on in the neighborhood, or permit any of the laws of this state to be violated in the neighborhood . . . he or she may be summoned before the board, body, or official which issued his or her license and before the department . . . then the board, body or official may suspend or revoke the license or enter another order. . . ." (Emphasis added.)
As plaintiff concedes in the brief, there can be no doubt that the DBR had the statutory authority to issue the sanction of revocation in the instant case. The question then becomes: was the imposition of a sanction of revocation arbitrary and capricious or an abuse of discretion? As a general matter, the Superior Court is not permitted to decide whether an agency chose the appropriate sanction in a given case. Rocha v. Public Utilities Commission, 694 A.2d 722, 726 (R.I. 1997). This general rule is based on the assumption that to do so (alter the sanction) is an act of substituting the Court's judgment for that of the agency. Indeed, if there is competent evidence to support the agency's finding, and it is permitted by law, a Superior Court will not ordinarily alter that sanction. Id.
The Court in Rocha dealt with the revocation of a towing license on the basis of two pending criminal charges for possession of stolen motor vehicles and twenty four consumer complaints. Furthermore, the division in that case also found a failure to pay an earlier $ 20,000 fine and the use of out of state companies to avoid the authority of the division. The Superior Court had "disagreed" with the sanction of revocation and ordered the license reinstated. On appeal, the Supreme Court stated "It becomes clear from the record that the court, after finding and examining the evidentiary basis that existed for the division's findings, merely disagreed with the sanction decided upon by the division and reversed the division's decision." The Court went on to state "the Superior Court [judge] was not permitted to decide whether the division chose the appropriate sanction but instead to determine whether the division's finding . . . was supported by any competent record evidence." Id.
However, the case at bar, as a matter of degree, is completely distinguishable from the facts of Rocha. The present record, unlike the record of Rocha, is bereft of any circumstances that would justify the revocation of plaintiff's liquor license. This point of difference holds true whether one looks at the violations quantitatively or qualitatively. In fact, while the violations in the case at bar were proven by competent evidence, it cannot be said that the competent evidence reasonably or proportionately places the violations in the sphere of revocation. As such, this Court is not merely "disagreeing" with the DBR, but rather is finding the sanction imposed excessive and disproportionate as a matter of law.
There are times when the sanction imposed by an agency, while permitted by law, is so arbitrary and extreme that it constitutes a clear abuse of discretion. When that is the case, the language of the Administrative Procedures Act grants this Court the authority to reverse the lower decision.
Essentially, there are two components to an administrative decision — a determination of the merits of the case, and a determination of the sanction. While the former component is mainly factual, the latter involves not only an ascertainment of the factual circumstances, but also the application of administrative judgment and discretion. Kulkin v. Bergland, 626 F.2d 181 (1ST Cir. 1980). There are cases from the Eighth Circuit that appear to extend the principle of de novo review to judicial review of the sanction imposed. Ghattas v. U.S, 40 F.3d 281 (8th Cir. 1994); Sims v. U.S. Dept. Agriculture, 860 F.2d 858 (8TH Cir. 1988). The prevailing view, however, is that review of the sanction imposed is not a review de novo but rather an arbitrary and capricious review, which requires that the penalty be upheld unless unwarranted in law or without justification in fact. Broad Street Market, Inc. v. U.S., 720 F.2d 217
(1ST Cir. 1983); Colazzo v. U.S., 668 F.2d 60 (1st Cir. 1981). Under the arbitrary and capricious standard, the mere unevenness in the application of the sanction does not render its application unwarranted in law; however, an excessive variance, something more striking, would be evidence of action that was arbitrary and capricious. Wise v. U.S,404 F. Supp. 11 (D. Maryland 1975).
While the nature of the conduct by this liquor license holder is to be neither condoned nor encouraged, sanctions levied for liquor license violations should be reasonably related to the severity of the conduct constituting the violation. The factors to be considered in weighing the severity of the violation should include: the number and frequency of the violations, the real and/or potential danger to the public posed by the violation, the nature of any violations and sanctions previously imposed, and any other facts deemed relevant in fashioning an effective and appropriate sanction.
Applying this analysis to the case at bar, the plaintiff was cited for two violations for after hours incidents, neither incident involved significant public safety issues, and the first violation resulted in a monetary sanction with no suspension. This Court is constrained to find that the sanction of revocation imposed by the hearing officer is clearly harsh, unreasonable, and not supported by substantial evidence in the record.
In Thompson v. Town of East Greenwich, 512 A.2d 837 (R.I. 1986), a lounge was found to have violated the operating hours conditions of their liquor license on at least five occasions. The last violation earned the establishment a seven day suspension. By comparison, the case at bar consists of two after-hours violations, for which the DBR handed out the extreme sanction of revocation. While sanction discrepancies can certainly be tolerated to a certain extent, the discrepancy in this case is disproportionate to the underlying circumstances.
The Newport City Solicitor argues that the incident was not merely an after-hours drinking incident, but rather that it was an attempted assault on a police officer who was simply doing his job. This argument is not consistent with the underlying charge in this matter, nor does it recognize that the incident consisted only of a drunk man making a motion, which was at most an unconscious and unsuccessful attempt to defy authority.
Revocation of a Class B liquor license essentially functions as the death penalty in the context of license violations. Because it is such a harsh penalty, it should be reserved for only the most severe situations. The implementation of that sanction under the facts of this case was clearly an abuse of discretion, ignoring concepts of proportionality that hearing officers should be expected to apply.
Having established that the imposition of revocation was unwarranted, it must be determined how best to ensure the validity of further agency action. It has been held that once a Court determines that the agency has acted with an abuse of discretion, the Court is not authorized to change the sanction or impose new sanctions. Martin v. U.S., 459 F.2d 300 (6th Cir. 1972). Therefore, this Court remands the action to the DBR for further consideration of the issue of sanctions.
 Conclusion
The plaintiff in this matter has been prejudiced by arbitrary and capricious action on behalf of the DBR. In addition, the hearing officer abused his discretion by imposing the extreme sanction of revocation. Accordingly, this Court will not substitute its judgment for that of the DBR by imposing its own sanction; however, the revocation is vacated and the matter is remanded to the DBR for further determination of an appropriate sanction. Counsel shall prepare an order after notice.
[1] This latter argument derives from the fact that the transferor reserved a right to buy back the license upon the event of default by the transferee. Essentially the transferor retained a security interest in the license, a statutorily permitted practice pursuant to G.L. §3-5-29. See also In Re Camelot Court, 21 B.R. 596 (Bankr.D.R.I. 1982).
[2] Plaintiff describes this situation in a very practical manner, and he is correct when theorizing that the transferor of the license may find itself holding a security interest in an invalid liquor license.
[3] Hallene does contain a great deal of contradictory language. For instance, the case provides that the DBR should conduct de novo review rather than appellate review. The word "rather" would seem to preclude appellate review. Later in the text of the case, the Court speaks of the DBR as not being limited to appellate review, thereby implying that partial appellate review would be a proper procedure. This Court notes that the linguistic conflict can be resolved by taking into consideration the great discretion bestowed upon the Liquor Control Administrator or the modern DBR.