**Ken ROCHA et al.**

v.

**STATE of Rhode Island PUBLIC UTILITIES COMMISSION et al.**

No. 96–112–M.P.

Supreme Court of Rhode Island.

June 9, 1997.

---

Lauren E. Jones, Kevin M. Brill, Providence, for Plaintiff.

Paul J. Roberti, Providence, for Defendant.

Present: WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

This matter came before this Court pursuant to an order directing the parties to appear and show cause why the issues raised in the state's petition for certiorari should not be summarily decided. After reviewing the parties' briefs and hearing oral arguments thereon we conclude that cause has not been shown and that the issues raised in the petition for certiorari should be summarily decided at this time.

The Rhode Island Public Utilities Commission, Division of Public Utilities and Carriers (the division), asks this Court to review and quash a judgment entered in the Superior

Court whereby a justice of that court reversed a division order that had revoked the towing license of Ken Rocha Automotive, Inc. (Rocha Automotive). The division contends that its revocation order was based on competent legal evidence and that the Superior Court justice exceeded his reviewing authority in reversing the administrative decision. Conversely, Rocha Automotive and Ken Rocha (Rocha) contend that the Superior Court judgment should be affirmed because the division lacked sufficient competent evidence upon which to revoke the towing license.

### Case Travel

This litigation finds its genesis in April of 1992 when the division issued a Notice of Hearing to Rocha Automotive, a company authorized by the division to transport motor vehicles by tow-away method. The notice specified that the division sought to revoke the towing license of Rocha Automotive on the basis of two criminal charges pending at that time against Rocha personally for possession of stolen motor vehicles, in violation of G.L.1956 § 31–9–2, and driving a motor vehicle without consent of the owner, in violation of § 31–9–1.

A hearing before the division was convened on April 27, 1992. Although this was the first time that Rocha would appear before the division on the basis of those criminal allegations, this was not Rocha's first encounter with disciplinary proceedings before the division. Previously, in January 1992, the division and Rocha entered into a stipulation in which Rocha pleaded nolo contendere to twenty-four separate consumer complaints and agreed either to pay a $20,-000 penalty within six months or have his towing license suspended for seventy-five days. The criminal charges then pending against Rocha were known to the division at the time the stipulation was agreed to according to Rocha, but the stipulation makes no mention of those charges.

Rocha, who was the president and vice-president of Rocha Automotive, appeared at the April 27 hearing on behalf of Rocha Automotive but claimed then that he had not received notice of the hearing. Before the hearing officer was able to explore this alleged notice deficiency, however, Rocha left the hearing during a brief recess and did not return. The following day, April 28, the hearing officer revoked Rocha Automotive's towing license on the basis of the nature and the seriousness of the criminal charges and Rocha's failure to substantiate his claim regarding lack of notice of the hearing.

Rocha Automotive timely appealed the revocation order to the Superior Court. While the appeal was pending, a Superior Court justice dismissed the criminal charges against Rocha. Thereafter, on January 12, 1994, a Superior Court justice issued an order that remanded the revocation matter back to the division in order for it to hold a hearing on the merits of the original notice of charges it made.

In accordance with the Superior Court order, the division scheduled and held public hearings on January 24 and 25. Two of the police officers involved in the investigation that gave rise to the criminal charges that had been filed against Rocha testified. Their testimony indicated that a search warrant executed at a storage lot owned by Rocha uncovered three vehicles reported stolen, a 1990 Nissan 300ZX, a 1990 Chevrolet IROC and a 1984 Audi 5000. Further testimony from the police indicated that Rocha had been stopped on two separate occasions for speeding in a 1987 Ford Tempo, a car that one of Rocha's companies had towed from Providence and that belonged to Orion, a Florida-based insurance company.

In a twenty-seven-page decision the division detailed Rocha's towing history and concluded that in order to protect the rights and property of the public, the towing license of Rocha Automotive should be revoked. The decision detailed numerous public complaints made against Rocha that had resulted in the previously agreed-upon January 1992 stipulation and fine and then proceeded to focus on the conduct that gave rise to the previously dismissed criminal charges. The division found that Rocha, at minimum, had been driving the Ford Tempo without permission of its owner. The division further found with respect to the Ford Tempo, the Chevrolet IROC, the Audi, and the Nissan, that Rocha had failed to notify the owners of those vehi-

cles of the tows as required by a division regulation. Additionally the division found that Rocha had violated the probationary period agreed upon in his earlier January 1992 stipulation, and finally that Rocha had used one of his Massachusetts-based companies to tow the Ford Tempo in order to circumvent the jurisdiction of the division. The division concluded that Rocha had violated G.L.1956 § 39–12–35 by his willful and continued failure to comply with orders, rules, and regulations of the division and had failed to perform his licensed business in a manner conducive to the public interest. Accordingly the division reaffirmed its earlier order and revoked the license of Rocha Automotive.

Once again Rocha Automotive and Rocha appealed to the Superior Court. In that court Rocha attacked the factual findings of the division, asserting that the evidence did not support them. A Superior Court trial justice agreed that the evidence before the division did not support its findings that Rocha had used an out-of-state company to tow the Ford Tempo in an effort to avoid division authority and that the record evidence did not support the division's finding that the owners of the Audi and the Ford Tempo had not been notified as required by division regulations. The Superior Court trial justice then remanded the matter back to the division for reconsideration, limiting its consideration to the earlier division hearing evidence.

Complying with the direction of the Superior Court, the division then proceeded, without taking additional evidence, to decide from its earlier hearing record whether the towing license of Rocha Automotive should be revoked.

In June of 1995 the division affirmed its previous decision and ordered the towing license of Rocha Automotive to be revoked. This time acting in compliance with the trial justice's remand directions, the division premised its conclusion on what it termed four "joint and severable" violations committed by Rocha, all of which constituted new findings but were based upon the earlier hearing evidence as prescribed by the trial justice in his remand order. The Division found (1) that Rocha had been in possession of and was driving the Ford Tempo without consent of the owner, (2) that he had failed to notify the owners of the Chevrolet and the Nissan as required by a division regulation, (3) that he had failed to pay the $20,000 fine imposed by the earlier agreed-upon stipulation, and (4) that he had used an out-of-state company to tow vehicles other than the Ford Tempo in order to avoid division authority.

Once again Rocha Automotive and Rocha appealed the revocation order to the Superior Court, and once again the Superior Court reversed the revocation decision. On this occasion, however, the Superior Court rejected each of the division's findings on the basis that the record revealed insufficient evidence to support them and then ordered that the license of Rocha Automotive be reinstated.

The division thereafter petitioned this Court, requesting issuance of its writ of certiorari to review the Superior Court decision. This Court granted that petition and stayed the Superior Court's reinstatement order.

The issue presented in this matter involves the question of whether the Superior Court justice erred in finding that the division's June 1995 decision revoking the towing license of Rocha Automotive was not supported by sufficient evidence. We conclude that the Superior Court did err and quash the judgment for the reasons hereinafter set forth.

Pursuant to G.L.1956 § 42–35–15 the Superior Court is granted appellate jurisdiction to review final orders as well as certain interlocutory orders of state administrative agencies not exempted from the Rhode Island Administrative Procedures Act. In undertaking that review the Superior Court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Section 42–35–15(g); *Barrington School Committee v. Rhode Island State Labor Relations Board*, 608 A.2d 1126, 1138 (R.I.1992). Rather the Superior Court must uphold the agency's conclusions when they are supported by any legally competent evidence in the record. *Rhode Island Public Telecommunications Authority v. Rhode Island Labor Relations Board*, 650

A.2d 479, 485 (R.I.1994); *Barrington School Committee,* 608 A.2d at 1138.

When more than one inference may be drawn from the record evidence, the Superior Court is precluded from substituting its judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support. *Sartor v. Coastal Resources Management Council,* 542 A.2d 1077, 1083 (R.I.1988). In reviewing the trial justice's decision by way of certiorari, we apply the "some" or "any" evidence test and review the record to determine if there is some or any legally competent evidence in the record to support his findings. *Id.; Guarino v. Department of Social Welfare,* 122 R.I. 583, 588–89, 410 A.2d 425, 428 (1980).

In reviewing the Superior Court's decision, we serve a function similar to that of the Superior Court. "We shall not weigh the evidence, but 'merely ascertain whether the [Superior] [C]ourt was justified in its modification or reversal of the * * * order.'" *Strafach v. Durfee,* 635 A.2d 277, 280 (R.I. 1993).

In this case, after several sparrings with the Superior Court, the division ultimately concluded that the towing license of Rocha Automotive should be revoked. It made four findings, each of which alone, it noted, would support revocation of Rocha Automotive's towing license. The Superior Court, in examining those findings, was precluded from independently reevaluating the hearing evidence upon which those findings were made and of substituting its own judgment on the weight thereof. The court's role was to examine whether any competent evidence existed in the record to support any of the division's findings. It becomes clear from the record that the court, after finding and examining the evidentiary basis that existed for the division's findings, merely disagreed with the sanction decided upon by the division and reversed the division's decision.

## I

With respect to the division's finding that Rocha had driven the Ford Tempo without the consent of its owner, the evidence before the division clearly revealed that the police stopped Rocha on two separate occasions, on one occasion for speeding in the Tempo at 1:15 in the morning approximately fifteen miles from the place where the vehicle was allegedly being stored by Rocha. Despite that damning evidence that Rocha was using the vehicle for his personal needs without permission from the owner, Rocha claimed that the title-holder to the car, Orion Insurance, had some weeks earlier, when Rocha took possession of the Tempo, given him permission to determine whether the vehicle was in running condition. He argues to this Court that he was merely complying with the owner's request. The division rejected his excuse as implausible. That was a finding of fact upon which the Superior Court's review was extremely limited. Section 42–35–15(g). We agree with the division that it stretches credulity to believe that Rocha was driving the Tempo at high speed, in the early morning hours miles from his storage facilities merely to determine if the car was in running condition. The evidence of Rocha's nocturnal wanderings in the Tempo certainly permitted the inference drawn therefrom by the division. Even though the trial justice below might have drawn a contrary inference from that same evidence, he lacked the option of substituting his for that of the division. *Sartor,* 542 A.2d at 1083.

Despite the clear existence in the record of the evidence to support the division's finding with regard to the time and the place of the police stop of the Tempo, the trial justice nonetheless decided that these facts did not "constitute sufficient evidence to revoke the towing certificate of [Rocha Automotive]." As noted earlier, the Superior Court justice was not permitted to decide whether the division chose the appropriate sanction but instead to determine whether the division's finding that Rocha drove the vehicle without the owner's permission was supported by any competent record evidence. We conclude from the record that competent evidence did exist therein from which the division most certainly could have drawn the reasonable inference that Rocha did not have permission from the owner to be driving its

car at 1:15 in the morning to determine if it was in good running condition and that the trial justice was not permitted to substitute his judgment for that of the division concerning the weight of the evidence on a question of fact.

## II

 The division additionally found that at the time Rocha towed the Chevrolet and the Nissan, he was required by a division regulation to notify the legal owners of those vehicles by certified mail and that he failed to comply with this regulation. Again, rather than examine the record to determine whether some or any competent legal evidence existed therein to support this finding, the Superior Court justice simply decided that although such evidence did exist in the record to support the division's finding, it was not substantial enough evidence, thus again evaluating the weight of the record evidence. Having done so was improper. The Superior Court is limited in its review of an agency decision to examining the record to determine whether it contains some or any legal evidence therein to support the finding made by the division. We again reiterate that, "[t]he court is limited to an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." *Barrington School Committee,* 608 A.2d at 1138.

In reviewing a final judgment of the Superior Court by way of a petition for certiorari concerning an administrative appeal from a decision of a state agency, our inquiry, like that of the Superior Court, is limited to determining whether the agency record reflects evidence, or reasonable inferences that may be drawn therefrom, to support the findings of the tribunal whose decision is being reviewed. *Guarino,* 122 R.I. at 588–89, 410 A.2d at 428; *Hardman v. Personnel Appeal Board,* 100 R.I. 145, 152, 211 A.2d 660, 664 (1965).

From the agency record before us we discern that it reflects sufficient legally competent evidence permitting the reasonable inferences therefrom that could serve to support each of the specific findings made by the division and noted above.

Having reached this juncture, we need not address the division's additional assertions of error relating to the trial justice's rejection of its other findings. It is not necessary that we do so in view of the petitioner's having at this stage shown sufficient error to warrant the granting of its petition.

We conclude that the trial justice erred in reevaluating the record evidence before the division and in substituting his judgment thereon in place of that of the division.

The petition for certiorari is granted, the final judgment of the Superior Court is quashed, and the record certified to this court is ordered returned to the Superior Court with directions to reinstate the division's decision and to dismiss the plaintiff's administrative appeal.

GOLDBERG, J., did not participate.