DECISION
This matter came before this Court on appeal by Complainant, U.S. Concrete (hereinafter sometimes Claimant and sometimes U.S. Concrete), from a final order of the Rhode Island Contractors' Registration Board (hereinafter Board), dated July 13, 1998. Pursuant to R.I. General Laws § 42-35-15, "any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review."
U.S. Concrete asks this Court to review and overturn the final order promulgated by the Board. The order promulgated by the Board modified a hearing officer's decision and compelled Claimant to install a new driveway pursuant to the original terms of a contract at the home of Thomas Kennedy (hereinafter Mr. Kennedy). Claimant contends that the order is affected by substantial errors of law and, therefore, is clearly erroneous. More specifically, it contends that the Board substituted its decision for that of the hearing officer, while also failing to afford full faith and credit to the final order entered on Claim No. 1868, an order the Claimant contends, was and is res judicata.
On or about September 26, 1996, Mr. Kennedy filed Claim No. 1868 with the Board. In this claim he alleged that U.S. Concrete performed improper/negligent work in the installation of a concrete driveway on the Kennedy property, located at 14 Sunny Cove Drive in Warwick. Specifically, Mr. Kennedy alleged that the driveway began to flake and break within two months of the work. U.S. Concrete disclaimed any responsibility and refused any repairs on the driveway.
As a result of the claim being filed, an administrative hearing was held by the Board on January 3, 1997. A proposed order was issued on January 8, 1997, directing U.S. Concrete to repair the driveway in accordance with the report prepared by Geisser Engineering Corporation, which had been submitted as evidence by Mr. Kennedy at the hearing. Mr. Kennedy, satisfied with the Board's recommendation, did not appeal and the order became final.
Pursuant to R.I. General Laws § 5-65-12 (7), on January 29, 1998, Mr. Kennedy filed a claim with respect to the corrective work completed by U.S. Concrete. Mr. Kennedy alleged that the attempted repairs failed, as evidenced by the debonding of material used in the repair. A hearing on the corrective measures was held on April 22, 1998. The hearing officer, on July 2, 1998, issued a proposed order directing U.S. Concrete to return to the Kennedy property and "repair areas that have debonded or broken loose from the existing concrete driveway." Mr. Kennedy timely exercised his right to appeal to the full Board, which was heard on July 9, 1998. At this hearing, the Board directed U.S. Concrete to return to Mr. Kennedy's property, remove the previously installed driveway, and reinstall a new concrete driveway. U.S. Concrete subsequently appealed that order to this Court.
The issues presented on this appeal are: (1) in reviewing a hearing officer's decision, may the full Board substitute their decision for that of a hearing officer in modifying his decision, and (2) can a claim for corrective work on a defective product be barred under res judicata when the solution was one that was rejected in a preceding proceeding?
"Pursuant to R.I. General Laws § 42-35-15, the Superior Court is granted appellate jurisdiction to review final orders as well as certain interlocutory orders of state administrative agencies not exempt from the Rhode Island Administrative Procedures Act." Rocha v. State Public Utilities Commission,694 A.2d 722, 725 (R.I. 1997). The agency's conclusions must be upheld by the Superior Court when they are supported by legally competent evidence in the record. Id. citing: Rhode IslandTelecommunications Authority v. Rhode Island Labor RelationsBoard, 650 A.2d 479, 485 (R.I. 1994); Barrington School Committeev. Rhode Island State Labor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992).
"When more than one inference may be drawn from the record evidence, the Superior Court is precluded from substituting its judgment for that of the agency and must affirm the agency's decision, unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support."Sator v. Coastal Resources Mgmt. Council, 54 A.2d 1077, 1083 (R.I. 1988). The Court is controlled by R.I. General Laws §42-35-15 (g), which states that in the review of a contested agency action:
 (g) The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The Court may affirm the decision of the agency, or remand the case for further proceeding or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable probative and substantial evidence on the whole record, or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In this case, the full Board heard oral arguments on the case and reviewed the record prepared by the hearing officer. Pursuant to C.R.B. Reg. 4.9 (5), the members of the Board may affirm the proposed order and findings of fact, modify either or both, or send the case back to a new hearing. Unless the case is sent back to a new hearing, the Board will issue a final order after the Board meeting. The full Board, after considering the evidence in the record, elected to modify the order and mandate that the Complainant remove the faulty driveway and install a new one. This determination was made based upon both testimony and a report from a Board investigator submitted into evidence by Mr. Kennedy.
The hearing officer had taken judicial notice of Mr. Lewis report. The Board further commented, "Witness Joe Lewis testified under cross-examination that the product was mixed wrong and was debonding." (Page 5 of the Appeal). They further noted that his conclusions were based upon literature that he read. The Board also found that U.S. Concrete had made a certain warranty on the driveway, thus, it was responsible for it; it guaranteed it. (Page 10 of the Appeal). The Board further found that U.S. Concrete's argument that it was told to use Theocrete was without merit. The Board noted that U.S. Concrete sought clarification on Claim No. 1868 and it was told that U.S. Concrete was the expert, and thus, should use their judgment as to what product ought to be applied. (Page 11 of the Appeal).
The Board reaches the conclusion that the hearing officer erred in determining that the repairs were not defective. "So I think he erred in his decision there to begin with, in that the repairs were defective. We have an affidavit saying the application was defective." (Page 1 of Discussion of the Appeal). The Board then voted to modify the hearing officer's decision, stating that "the homeowner has a right to get a driveway that is whole and acceptable to industry standards." (Page 3 of the Discussion of the Appeal). The Board found that the repair mechanism was defective, and thus, a new driveway should be installed.
This Court cannot second guess the weight given by the Board to Mr. Lewis' testimony and report. Under the C.R.B. regulations, a party has the right to appeal a decision, as the respondent chose to do. Pursuant to those regulations, the Board has full authority, after considering all the evidence in the record and oral argument, to modify the decision of the hearing officer. As such, the Claimant has failed to show that the Board's decision was clearly erroneous as a matter of law. The final order of the Board stands.
Claimant then claims that the remedy ordered by the Board is barred under res judicata. Under Claim No. 1868, the Board ordered corrective work to be completed by U.S. Concrete to repair the defective portions of the driveway. This order was not appealed and became final. U.S. Concrete subsequently completed those repairs which lead to the filing of this claim. In January of 1998, Mr. Kennedy claimed that the workmanship in connection with the repairs of the driveway did not meet the manufacturer's specifications of reinstallation. These repairs did not adhere and resulted in further damage to the driveway. The full Board ordered that a new driveway be installed.
Res judicata is defined in the Black's Law Dictionary as being "a matter adjudged; a thing judicially acted upon or decided." To be applicable, it requires identity of the thing being sued for, as well as, identity of the cause of action of persons for or against whom claim is made. The sum and the substance of the whole rule is that a matter once judicially decided is finally decided. Allen v. McCurry, 449 U.S. 90, 101, S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Claim No. 1868 referred to the faulty driveway. The present claim refers to the faulty repairs. Since the two claims are not the same and do not call for disposition of the same issue; they are not affected by res judicata. The final order of the Board is affirmed.
Counsel for the Board shall present an appropriate order and judgment.