DECISION
Before the Court is the appeal of Nancy Hammond (Petitioner) from a decision by the Retirement Board of the Employees Retirement System of Rhode Island (Retirement Board) which determined that the Petitioner is entitled to three quarters of a full year's worth of retirement benefits for the time she served as a kindergarten teacher from 1983 — 1987. The Petitioner seeks full retirement benefits for those years of service. Jurisdiction is pursuant to R.I.G.L. 1956 § 42-35-15.
 Facts and Travel
The Petitioner was an elementary school teacher for approximately 28 years in the Foster School System, holding a wide variety of teachings positions. In 1983 the Petitioner entered into a private agreement[1] with the then superintendent of the Foster School Department, Mr. Gerald Tetreault, to teach a morning kindergarten class for half the salary of a full-time teacher but with full health, dental, and life insurance benefits. Teaching a half-day kindergarten class was the petitioner's only option as there were no other teaching positions available. It appears that there was some assurance by the Superintendent that the Petitioner would also receive full retirement credit for the time served teaching a morning kindergarten class. The Petitioner performed under this agreement from 1983—87, the years in dispute. Both sides agree that the Petitioner worked four hours per day for the entire 182-day school year.
The Petitioner first learned of her reduced retirement benefits for the years in question in September of 1996. On June 16, 1998, an administrative decision was rendered by Joann Flaminio, Executive Director of the Retirement Board, determining that the Petitioner was entitled to nine months worth of benefits for each of the four years she served as a morning kindergarten teacher. The nine-month determination was arrived at by taking the 180-day school year and dividing it into four, 45-day quarters. Under this scheme, if one is determined to have worked between 91 and 134 days, they are entitled to nine months worth of retirement benefits. The petitioner was determined to be a half-time employee due to the fact that she worked fewer hours and was paid half that of a full-time teacher. Accordingly, the Petitioner was credited with 91 full days worth of employment, inching her into the nine-month category for retirement benefits.[2]
The Petitioner appealed the Executive Director's decision and hearings were held before the Retirement Board on October 21, 1998 and January 11, 1999 with a post-hearing memorandum in support of the petitioner's position being filed on March 24, 1999. On August 3, 1999 the Hearing Officer upheld the Executive Director's decision to deny the Petitioner's claim that she was entitled to a full year's worth of retirement credit for the years in question. The Petitioner then filed an appeal of the Hearing Officer's decision. A hearing was held before the Retirement board on October 13, 1999 where the prior decisions were affirmed. The Petitioner then filed a complaint for administrative appeal of the Retirement Board's decision with this Court on November 12, 1999.
 Standard of Review
This Court will review the decision of the Retirement Board pursuant to R.I.G.L. 1956 § 42-35-15(g), which provides that when reviewing a contested agency decision:
(g) The court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other errors or law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency with regard to the credibility witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Retirement Board's decision. Newport Shipyard v. Rhode Island Commission for Human Rights 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v. George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). When more than one inference may be drawn from the record evidence, the Superior Court is precluded from substituting its judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decisions are completely bereft of any competent evidentiary support. Rocha v. State Public Utilities Commission 694 A.2d 722, 726 (R.I. 1997). Questions of law, however, are not binding upon a reviewing court and may freely be reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflict of Interest Commission, 509 A.2d at 458.
 Analysis
The Petitioner presents three core arguments as to why she should receive full retirement benefits for the four years she taught a morning kindergarten class. First, that the Rhode Island Laws which define what a "teacher" is (§ 16-16-1 (11) and § 16-16-5 (a)) do not speak directly to the employment situation the petitioner found herself in from 1983-87 and that the statutes speak only of the number of days worked without any regard to the number of hours worked within those days. Second, the Petitioner argues that since she is seeking benefits from the State Retirement System she should be evaluated under R.I.G.L § 36-8-1, which provides the definition of a state employee. Third, that there was actual reliance on the comments of the then Superintendent of the Foster School System and/or the Employees Retirement System of Rhode Island Handbook (Handbook) that was supplied to explain the policies of the State Employees Retirement System. For various reasons each of these arguments must fail.
 Definition of a "Teacher" for the Purposes of Retirement Benefits
The Petitioner's first argument is that the sole criteria for earning retirement credit is simply the absolute number of days worked regardless of the actual number of hours worked during those days. While it is true that neither § 16-16-1 (11) nor § 16-16-5 (a) speak to any minimum amount of time to be worked per day to be entitled to a full day's worth of retirement credit, it must be assumed that the statute speaks in terms of full-time teachers, given that § 16-16-5 (d) allows for part- time teachers to be members of the retirement system, receiving retirement credit in relation to their part-time service. The separate acknowledgement of part-time teachers in § 16-16-5
(d) implies that the language of § 16-16-1 (11) and § 16-16-5 (a) (c) is in reference to full-time teachers. Therefore, the 135 days required to be worked in order to receive a full 12 months of retirement credit assumes that the teacher in question is a full-time teacher. It would be illogical and contrary to § 16-16-5 (d) to suggest that working any amount of time, regardless of how minimal, for the requisite number of days would entitle a teacher to full retirement benefits.
The Petitioner extends this argument by suggesting that even if the statutes pertain to full-time teachers, she has still worked enough actual hours to qualify for 12 months of retirement credit. The Petitioner contends that if teaching for 5 hours per day represents a full elementary school day under the Department of Education rule 800 000 003 A., then by working four hours per day she has worked 80% of a full year's worth of hours, which is more than the 75% needed to be entitled to a full year's worth of retirement benefits. The fallacy of the Petitioner's argument stems from trying to make the Department of Education's definition of a "school day" equal to a full-time teacher's day. In fact, the Department of Education's guideline for a kindergarten day is only 2 "/2 hours per day. Under the Petitioner's theory, if the Department of Education's guideline for a kindergarten day is 2 "/2 hours then the Petitioner need only work 75% of 2 "/2 hours to earn full retirement credit as a kindergarten teacher. Clearly the Department of Education's guidelines for what constitutes an elementary school or kindergarten day is meant to apply only to the students and not define the workload of a full-time teacher.
The Petitioner was hired to teach only a morning kindergarten class since there weren't enough children to justify having an additional afternoon class. Accordingly she was paid half the salary of a full-time teacher and paid half as much as a full- time teacher into the Retirement System. Had the Petitioner taught both a morning and an afternoon class she would have received a full salary, paid twice as much into the Retirement System and worked approximately 8 hours per day.
While using a teacher's comparative pay as the basis for determining retirement credit is not customary, under § 36-8-2
and § 16-16-5 (d) the Retirement Board has the authority to determine the appropriate degree of retirement compensation. This court lacks the authority to overturn the Retirement Board's decision so long as it is not bereft of any competent evidentiary support. Rocha v. State Public Utilities Commission.694 A.2d 722, 726 (R.I. 1997). This court finds the Board's decision to be reasonable and justifiable given the facts in this situation.
 Defining a Municipally Employed Teacher as a State Employee
The Petitioner next contends that as a member of the State Retirement System, she should be evaluated as a state employee as defined by § 36-8-1. G.L. § 36-8-1 requires that a state employee work a minimum of 20 hours per week to be considered a full-time employee.[3] However, § 16-16-5 abandons the 20-hour per week requirement with regard to teachers and instead requires that at least ~ of the legal school year be worked to earn a full year's retirement credit. Since § 16-16-5 speaks directly to the requirements for a teacher's membership in the Retirement System, it overrides the general provisions found in § 36-8-1.
 Reliance on the Foster School System's Superintendent or the "Handbook"
The Petitioner asserts that she relied upon the verbal assurances of the Foster School System's Superintendent that she would receive full retirement credit as part of her compensation. In short, the superintendent was not a member of the Retirement Board and was wholly unauthorized to represent what retirement credits the Petitioner would earn as a morning kindergarten teacher. Further, the Employees Retirement System of Rhode Island Handbook is not an authoritative source of information but rather a guild to a complex Retirement System. Contained within the Handbook is the admonition that the material contained within it "is not intended as a substitute for the Rhode Island General Laws, nor will its interpretation prevail should a conflict arise." Therefore any reliance on these two sources of information was misplaced.
There is also no indication that any information provided to the Petitioner regarding her retirement benefits played a part in her decision to accept a position teaching the morning kindergarten class. During the time in question the only position available to the Petitioner was the morning kindergarten class. Her options were to either accept that position or seek other employment. There is no indication that the Petitioner's belief that she would receive any particular retirement benefits played any part in her decision to accept the only teaching position available to her. Not only was the Petitioner's reliance on the information provided to her misplaced, but also there is no indication of any actual reliance on that information in her acceptance of a part-time teaching position.
 Conclusion
The Petitioner must be regarded as a part-time teacher since she fails to meet the standard of a full-time teacher. The Petitioner cannot be defined as a state employee for purposes of calculating retirement benefits. Further there is no indication that the Retirement Board must be estopped from denying any benefits due to any representations made by either the Superintendent of the Foster Schools or the Employees Retirement System of Rhode Island Handbook.
Accordingly, the petition for full service retirement credits for the years of 1983-87 is denied and the decision of the Retirement Board of the Employees Retirement System is affirmed.
[1] In 1983 the town of Foster was engaged in collective bargaining negotiations with the National Education Association (NEA).
[2] The Foster School System mandated a 182-day school year. The Executive Director credited the Petitioner with half of 182 giving her the 91 days needed to push her into earning three quarters of a full year's retirement benefits.
[3] See also, R.J.G.L. § 45-21-2, municipal employees within the State Retirement System must work 20 hours per week to earn full retirement credit.