DECISION
This is an appeal from a decision of the Department of Environmental Management (DEM). Gerald Warren (plaintiff) seeks reversal of DEM's revocation of his septic system installer's license and imposition of a $2,000.00 administrative penalty. This Court has jurisdiction over this matter pursuant to R.I.G.L. 1956 § 42-35-15.
 Facts/Travel
On August 20, 1996, the plaintiff submitted a repair application to the DEM for the individual sewage disposal system (ISDS) located at 225 Brayton Road, in the Town of Tiverton, Rhode Island. The ISDS repair application was approved by the DEM on September 30, 1996. By certificate dated December 13, 1996, plaintiff informed DEM that the system had been installed in conformance with the permit and the plan. On or about June 17, 1997 and June 23, 1997, the DEM investigated four test holes on the subject property and found that backfill placed within the leach field contained marine environment material, brick, concrete, cinder blocks, asphalt and rocks greater than six (6) inches in diameter.
On February 9, 1998, the DEM issued to plaintiff a Notice of Violation and Revocation of License. The plaintiff filed a timely request for a hearing on February 12, 2000. The administrative hearing was held before the DEM's Administrative Adjudication Division (AAD) on September 8, 1998 and October 20, 1998. The DEM issued a Final Agency Decision and Order on September 8, 1999, affirming the issuance of the Notice of Violation and Revocation of License.
The plaintiff filed a timely appeal of the hearing officer's decision to this Court. On appeal, the plaintiff argues that there is insubstantial evidence in the record to support the hearing officer's decision. In particular, plaintiff contends that the documentary and testimonial evidence on the record show that plaintiff did not violate ISDS Regulations, Section SD 11.07 or Section SD 2.05(a), or G.L. 1956 § 5-56-7. Furthermore, plaintiff asserts that the Director abused his discretion in assessing the administrative penalty pursuant to G.L. 1956 §42-17.6-6, and in revoking plaintiff's ISDS installer's license pursuant to G.L. 1956 § 5-56-5.
 Standard of Review
This Court possesses appellate review jurisdiction of the DEM's decision pursuant to G.L. 1956 § 45-35-15(g) which provides in pertinent part:
"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This Court is precluded from substituting its judgment for that of the agency with respect to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission, 509 A.2d 453, 458 (R.I. 1986). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court's role is to examine whether any competent evidence exists in the record to support the agency's findings. Rocha v. Public Util. Comm'n.,694 A.2d 722, 727 (R.I. 1997). The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, et al. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
 The Agency Decision
The Supreme Court of Rhode Island has held, "[i]f competent evidence exists in the record considered as a whole, the court is required to uphold the agency's conclusions." Barrington School Comm. v. Rhode Island State Labor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992). See also Rocha, 694 A.2d at 725. On review of an administrative agency, the judicial officer does not weigh evidence or assess the credibility of witnesses "but merely reviews the record to determine whether here is legally competent evidence to support the administrative decision." Bunch v. Board of Review, Rhode Island Dept. of Employment and Training,690 A.2d 335 (R.I. 1995) (quoting Baker v. Board of Review, Rhode Island Dept. of Employment and Training, 637 A.2d 360 (R.I. 1994)).
The ISDS Regulations, Section SD 11.07, amended in June 1996, provides in pertinent part: "Backfill — All backfill placed within the leach field area shall be free of boulders and stones greater than six (6) inches in diameter, frozen clumps of earth, rubbish, masonry, stumps or waste construction materials . . . ." The plaintiff admits that he was unaware of the amended regulation, but contends that his ignorance of the regulation does not constitute a violation, "particularly since he received no notice of the change and the change had only been in effect for less than six months when construction commenced." Plaintiff's Brief at 6. Since there is no evidence of improper notice, as required by G.L. 1956 § 42-35-3, plaintiff's lack of actual notice and the "newness" of the regulation have no bearing on proving a violation of SD 11.07. Also, proof of plaintiff's intent is not required for a violation of SD 11.07.
The plaintiff offers various possible explanations for the source of the unauthorized backfill material, but he does not dispute the fact that improper backfill was found in the leach field area. This Court finds that the reliable, probative and substantial evidence on the whole record shows "that the backfill material placed in the leach field area violated Section SD 11.07 of the ISDS Regulations." Decision and Order at 30.
The ISDS Regulations, Section SD 2.05(a) states in part: "The installer of the system shall certify that the system was installed in conformance with the permit and plans for such system approved by the Director and any terms stipulated by the Director as part of the approval . . . ." Thus, the plaintiff was required to comply with Note number 7 on page two of the approved plans. Note number 7 declares that the system:
"shall be constructed in accordance with the latest requirements of the State of Rhode Island, Department of Environmental Management, `Rules and Regulations Establishing Minimum Standards Relating to Location, Design, Construction and Maintenance of Individual Sewage Disposal Systems' (SD 1.00 through SD 21.03)."
Although he testified that he was rarely at the site and unfamiliar with the regulatory requirements, the record reflects that the plaintiff signed a Certificate of Construction as the installer and affixed his installer's license number. The plaintiff presented to the agency some lamentable reasons, including the terminal illness of his son, for his absence and inattention. However, this Court finds that the agency's finding "that [plaintiff] submitted to the [DEM] false certification that the system was installed in conformance with the approved permit and plans in violation of Section SD 2.05(a) of the ISDS Regulations" is supported by the substantial evidence of record. Decision and Order at 30.
Section 5-56-7 of the Rhode Island General Laws requires licensed installers of ISDS's to adhere to the following:
"(1) Performs all work in compliance with approved plans and specifications only.
(2) Reports any discrepancies on an approved plan which he or she may note during construction to the director.
(3) Utilizes only quality grade construction materials approved by the director.
(4) Uses only the best construction techniques to provide for the best possible installations.
(5) Works only under valid plans approved by the director with the approval stamp clearly indicated, and to commence work only after completely reviewing the entire approval including the application, the layout plans, all typical specification sheets, and other attachments.
(6) Adheres to each and every term of approval as stipulated by the director in his or her approval of the particular plan."
The DEM argues that the agency had before it both documentary evidence and expert testimony that plaintiff failed to comply with the provisions of G.L. 1956 § 5-56-7. The plaintiff has failed to establish that the factual findings of the hearing officer "are totally devoid of competent evidentiary support in the record." Milardo, 434 A.2d at 272. Therefore, the agency's finding "that [plaintiff's] conduct and performance in the installation of the septic system was in violation of R.I. GEN LAWS Section 5-56-7" is supported by the reliable, probative and substantial evidence of record. Decision and Order at 30.
Section 42-17.6-6 of the Rhode Island General Laws provides:
"In determining the amount of each administrative penalty, the director shall include, but not be limited to, the following to the extent practicable in his or her considerations:
(a) The actual and potential impact on public health, safety and welfare and the environment of the failure to comply;
(b) The actual and potential damages suffered, and actual or potential costs incurred, by the director, or by any other person;
(c) Whether the person being assessed the administrative penalty took steps to prevent noncompliance, to promptly come into compliance and to remedy and mitigate whatever harm might have been done as a result of such noncompliance;
(d) Whether the person being assessed the administrative penalty has previously failed to comply with any rule, regulation, order, permit, license, or approval issued or adopted by the director, or any law which the director has the authority or responsibility to enforce;
(e) Making compliance less costly than noncompliance;
(f) Deterring future noncompliance;
(g) The financial condition of the person being assessed the administrative penalty; (h) The amount necessary to eliminate the economic advantage of noncompliance including but not limited to the financial advantage acquired over competitors from the noncompliance;
(i) Whether the failure to comply was intentional, willful, or knowing and not the result of error;
(j) Any amount specified by state and/or federal statute for a similar violation or failure to comply;
(k) Any other factor(s) that may be relevant in determining the amount of a penalty, provided that the other factors shall be set forth in the written notice of assessment of the penalty; and
(l) The public interest."
The plaintiff contends that the DEM ignored the following under G.L. 1956 § 42-17.6-6:
"1. There was no proof of any impact on the public health.
2. There was no proof of any actual or potential damages suffered by anyone.
3. The clear fact that [plaintiff] offered to do anything necessary to correct any deficiency and, in fact, did take corrective measures.
4. The fact that [plaintiff] had never had any previous violation.
5. The fact that any technical failure on [plaintiff's] part was not `intentional, willful or knowing . . . .'" Plaintiff's Brief at 25.
The DEM presented expert testimony as to the potential impact of the plaintiff's failure to comply with the ISDS Regulations. (Tr. at 86-94.) Specifically, the DEM's expert testified that "[u]sing inappropriate material can lead the system to fail, to not properly treat the sewage that it is designed to treat and is necessary for it to properly protect public health and the environment." (Tr. at 87-88.) Though the plaintiff offered to correct the deficiencies, did not have any previous violations, and may not have intentionally committed the violations, the hearing officer found that the administrative penalties were appropriate. This decision was based on the plaintiff's "degree of negligence in not providing proper supervision at the site, the degree of negligence in not keeping abreast of changes in the regulatory requirements, and the imprudent and reckless attitude of signing a Certificate of Construction without adequate knowledge of the condition of the site or of important regulatory changes." Decision and Order at 27.
Section 5-56-5(a) of the Rhode Island General Laws provides that the DEM may revoke an installer's license ". . . when the director has determined that the operation is not being and/or will not be conducted in a manner prescribed in these regulations." The hearing officer found "that [plaintiff's] installation of septic systems is not being and/or will not be conducted in a manner as prescribed in the ISDS Regulations and as set forth in R.I. GEN LAWS Section 5-56-7" since the plaintiff did not perform the work in compliance with the approved plans, did not use the quality grade construction materials required and did not employ the best construction techniques for installation. Decision and Order at 28. The hearing officer is viewed as sitting at the mouth of a "funnel-like system" set up by the legislature to evaluate environmentally-related disputes, and his or her factual determinations will not be reversed by the Director unless those determinations were clearly wrong. Environmental Scientific Corp. v. Durfee, 621 A.2d 200, 206-07 (R.I. 1993). This Court finds that the Director did not abuse his discretion in sustaining the hearing officer's findings.
After thorough review of the record, this Court finds that the decision of the DEM was not arbitrary, capricious, in excess of their statutory authority or unsupported by reliable evidence. Accordingly, the decision of the DEM is upheld.
Counsel shall prepare the appropriate judgment for entry.