FRANCES E. KASKELA *vs.* JAMES S. DANEKER,

*Liquor Control Adm'r.*

FEBRUARY 15, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for a writ of certiorari directed to the respondent in his capacity as state liquor control administrator, hereinafter sometimes referred to as administrator, seeking to quash his decision sustaining the action of the board of license commissioners of the town of Glocester in this state denying petitioner's application for a class B liquor license for certain premises described as the "Arrowhead Restaurant" and located on Chopmist Hill road in the village of Chepachet in said town. Pursuant to the writ the papers have been certified to this court.

From the record before the administrator, on which his disputed decision was reached, the following facts appear. The petitioner herein had filed a previous application for a similar license for the same premises, which had been denied by the local board on January 17, 1949. On appeal to the administrator, this denial was affirmed. The second application which was heard before the local board on June 10, 1949 was also denied, the decision of the board reading as follows: "Voted, that the application of Frances E. Kaskela, for a Class B beverage license to apply at the Arrowhead Restaurant, Chopmist Hill Road, Glocester, being a re-application, the original remonstrances not having [been] withdrawn, and being within the same license year, said application is hereby denied."

On appeal to the administrator, no witnesses were presented by either side, both parties resting on the record. In affirming the action of the local board the administrator pointed out that the application under consideration by him was for the same license year and that it was not necessary for the remonstrants to appear again; that their objection had already been voiced against the granting of the license for that license year; that it was then in-

cumbent upon the petitioner to show such a change of circumstances as to warrant further consideration of the application for a license for the same premises; that it was within the discretionary power of the local board to deny the license based upon the fact that no change in circumstances had been shown; and that he was faced with the same situation, since no new testimony was presented before him.

The petition alleges that the conclusions arrived at by the respondent, upon which his decision was rendered, were not warranted by the facts in the case and that such decision was based upon an erroneous assumption of facts and erroneous conclusions of law.

The right of appeal from the action of the local board is granted by general laws 1938, chapter 164, §9, as amended. It is provided therein that such appeal shall be heard before the division of intoxicating beverages, but §9 was amended by public laws 1948, chap. 2124, to confer upon the liquor control administrator the right of review previously exercised by the division. His powers are broadened even further by such amendment.

This court has previously held that the right of review given to the division of alcoholic beverages was a broad and comprehensive one and in effect established the division as a state superlicensing board which as such had the right in its sound discretion to hear cases *de novo*, either in whole or in part. *Baginski* v. *Alcholic Beverage Comm'n*, 62 R. I. 176. This power is now vested in the respondent under P. L. 1948, chap. 2124, and is not limited to a mere review of errors of law. The liquor control administrator is expressly given the broad power "to make such decision or order as to him shall seem proper * * *." On certiorari this court can review his decision only on alleged errors of law. *Baginski* v. *Alcoholic Beverage Comm'n, supra*.

In our opinion the decision of the respondent state liquor control administrator was made in the exercise of his broad

discretionary power under the statute and we find no error of law therein.

Therefore the petition for certiorari is denied, the writ heretofore issued is quashed, and the records and papers certified pursuant thereto are ordered to be sent back to the respondent.

*William G. Tajra,* for petitioner.

*William E. Powers,* Attorney General, *Benjamin Winicour,* for respondent.

