DECISION
This matter is before the Court on appeal from a decision by the Rhode Island Department of Business Regulation (DBR), affirming the Woonsocket City Council's (Council) revocation of Pakse Market Corp., d/b/a Pakse Liquor's (appellant) Class A liquor license. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
On May 27, 2000, appellant was charged with selling alcohol to a minor in violation of G.L. 1956 § 3-8-1. This was the fourth such violation by appellant in fewer than three years, the others having occurred on February 9, 1998, March 9, 1998, and November 20, 1999.
On June 26, 2000, a hearing was held before the Council, which sustained the charged violation and ordered appellant's liquor license revoked. The Council's decision was predicated on appellant's repeated violations of the underage drinking statute and its apparent unwillingness to abide by the laws governing the operation of its business. The Council responded to appellant's first three violations by ordering license suspensions of two days, four days, and fifteen days respectively. Because the progressive punishments meted out for these violations appeared entirely ineffective in deterring appellant's unlawful conduct, the Council concluded that a fourth violation in less than two and a half years indicated the kind of blatant disregard for the law that could only be remedied by a permanent revocation of appellant's license. The Council further ruled that the revocation was valid despite the fact that appellant had filed an application to transfer the license, stating that it was under no obligation to review the transfer application before it revoked the license. Decision of the DBR at 2-3.
Appellant thereafter appealed the matter to the Department of Business Regulation, asserting that the sanction imposed by the Council was too harsh and, therefore, arbitrary and capricious. It also reasserted its claim that the Council abused its discretion in revoking the license because there was an application to transfer the license pending at the time of the revocation hearing. It claims that if the Council had conducted the transfer hearing prior to the revocation hearing and granted the transfer, the revocation of the license would have been unnecessary.
The DBR affirmed the decision of the Council as to both issues. First, it concluded that revocation of appellant's license was not arbitrary and capricious in view of its repeated violations and the failure of progressive disciplinary measures to remedy the problem. It then confirmed that the Council had no legal obligation to conduct the transfer hearing before the revocation hearing and that, in fact, the Council was entirely justified in giving priority to liquor control compliance over any pecuniary interest appellant might realize from the transfer the license.Decision of the DBR at 9-10.
 STANDARD OF REVIEW
This Court will review the decision of the DBR pursuant to §42-35-15(g), which provides that when reviewing a contested agency decision, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if the substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency with regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry ofMotor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflictof Interest Commission, 509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the DBR's decision. Newport Shipyard v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). Substantial evidence is that which a reasonable mind might accept to support a conclusion. Id at 897 (quoting Caswell v. George Sherman Sand Gravel Co., 120 R.I.1981, 424 A.2d 646, 647 (R.I. 1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than did the agency. Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support. Rocha v. State Public UtilitiesCommission, 694 A.2d 722, 726 (R.I. 1997) (citing Sartor v. CoastalResources Management Council, 542 A.2d 1077, 1083 (R.I. 1988)).
 COUNCIL'S AUTHORITY TO IMPOSE SANCTIONS
On appeal, appellant first argues that the DBR's decision affirming the City Council's revocation of its liquor license was arbitrary and capricious because it was inconsistent with the penalties imposed on other establishments charged with violating G.L. 1956 § 3-8-1. Appellant cites the disposition of liquor violations by the Council over the last five years and notes that, in virtually every case, the penalty for a first offense was a warning. It argues that the Council acted arbitrarily when it gave appellant a two-day suspension rather than a warning for its first offense in January of 1998, and that it continued its arbitrary behavior when it imposed a four-day penalty for the second offense, a fifteen-day penalty for the third offense, and a permanent revocation of appellant's license for the offense in question. It further argues that even if the Council was justified in imposing unusually harsh penalties for the first three offenses, the appropriate sanction for a fourth offense should have been a thirty to forty-five day suspension rather than a permanent revocation of the license. Therefore, according to appellant, the Council's decision was clearly erroneous whether it is assessed in terms of the fairness of the first three penalties or solely in terms of the fairness of the fourth penalty. Appellant proceeds to argue that the DBR's decision affirming the Council was clearly erroneous in view of the reliable, probative, and substantial evidence of record and otherwise arbitrary and capricious.
Section 3-5-21(a) of the Rhode Island General Laws governs the Woonsocket City Council's authority to revoke or suspend licenses. It states, in pertinent part:
 "Every license is subject to revocation or suspension and a licensee is subject to fine by the board, body or official issuing the license, . . . for breach by the holder of the license of the conditions on which it was issued or for violation by the holder of the license of any rule or regulation applicable, or for breach of any provisions of this section."
Further, § 3-1-5 of the Rhode Island General Laws clarifies the scope of the licensing authority's power to revoke or suspend a liquor license:
 "This title shall be construed liberally in aid of its declared purpose, which declared purpose is the promotion of temperance and for the reasonable control of the traffic in alcoholic beverages."
It is clear, therefore, that there are no statutorily prescribed standards governing the imposition of sanctions for liquor control violations, and the Council has wide discretion to impose whatever penalties it deems appropriate to deter such violations. However, it is well-settled that "the legislature did not intend to confer upon the licensing authority a limitless control or to permit the exercise of unbridled discretion in revoking or suspending a license." ChernovEnters., Inc. v. Sarkas, 284 A.2d 61 (R.I. 1971). Accordingly, the question before this Court is whether the Woonsocket City Council has exhibited "limitless control" or "unbridled discretion" in revoking appellant's license and, therefore, whether the DBR's decision affirming the revocation was arbitrary and capricious or characterized by an abuse of discretion.
As a preliminary matter, it should be noted that the DBR's review of the Council's decision is not limited to errors of law and that it may, in its discretion, conduct a de novo review. Kaskela v. Daneker,71 A.2d 510 (R.I. 1950). Therefore, the DBR possesses the authority to review the Council's decision de novo or pursuant to the appellate standard of review. In the instant case, appellant alleges that the Council's decision to revoke its license was arbitrary and capricious. It further alleges that the Council abused its discretion in conducting the revocation hearing before the transfer hearing. Pursuant to appellant's line of argument in this case, the DBR has employed the appellate standard of review.
Under the arbitrary and capricious standard, the mere unevenness in the application of a sanction does not render its application unwarranted in law; however, an excessive variance, something more striking, would be evidence of action that was arbitrary and capricious. Wise v. U.S.,404 F. Supp. 11 (D. Maryland 1975). The court's pronouncement on this issue followed the United States Supreme Court's reasoning in Butz v.Glover Livestock Commission Co., 411 U.S. 182 (1973). There, the Court held that the Secretary of Agriculture's 20-day suspension of a stockyard operator's market registration was not arbitrary and capricious because Congress had given the Secretary exclusive authority to impose sanctions to deter repeated violations of the Packers and Stockyards Act. It further held that "a sanction within the Secretary's authority was not rendered invalid in a particular case because it was more severe than sanctions imposed in other cases" and that "the setting aside of the suspension was an impermissible judicial intrusion into the administrative domain." Butz, 411 U.S. at 182. The Rhode Island Supreme Court subsequently adopted this principle, asserting that the Superior Court is not permitted to decide whether an agency chose the appropriate sanction in a given case because to do so is an act substituting the court's judgment for that of the agency. Rocha v. Public UtilitiesCommission, 694 A.2d 722, 726 (R.I. 1997).
Appellant contends that the Council's sanction was arbitrary and capricious because it was disproportionate to those imposed on other offenders. The DBR rejected this argument on several grounds. First, it asserts that there was no evidence in the record indicating that the penalty was unduly harsh compared to others imposed by the Council. Appellant's review of the Council's liquor control dispositions from 1998 to 2002 fails to show a systematic pattern of giving first-time offenders a warning as opposed to a suspension. Decision of the DBR at 6. Moreover, the DBR cited numerous cases outside the City of Woonsocket in which a two-day suspension for a first offense was imposed. Decision ofthe DBR at 7. The DBR further notes that even if appellant could show a pattern regarding first offenses, it would not necessarily follow that revocation for a fourth offense was unjustified. The Council, the DBR asserts, must consider the particular facts and circumstances of each case in determining an appropriate punishment. Decision of the DBR at 8-9. Indeed, pursuant to the United States Supreme Court's decision inButz, the Council was not required to impose sanctions consistent with those imposed in other cases; rather, it was authorized to impose any reasonable sanction that would deter appellant from repeatedly violating the law. Once a sanction has been imposed by the Council, and affirmed by the DBR, the Superior Court may not decide whether it chose the appropriate sanction, but is limited to a determination of whether its decision was arbitrary and capricious or characterized by an abuse of discretion. Rocha at 726.
In the instant case, the Woonsocket City Council exercised the authority granted to it by the Rhode Island Legislature in revoking appellant's license. It did so after finding that appellant had willfully violated § 3-8-1 by selling alcohol to minors on four occasions in less than two and a half years and determining that the graduated penalties imposed for the first three violations were largely ineffective in deterring appellant's unlawful conduct. The DBR found that the Council's imposition of a two-day suspension for appellant's first offense, followed by progressively harsher penalties for the second and third offense and a revocation of appellant's license for a fourth offense, was not arbitrary and capricious because it was based on the premise that appellant's continued violations posed a danger to the community. In its decision, it states:
 "Serving alcohol to underage individuals can result in serious, even catastrophic consequences, compromising the public health, safety, and welfare. Despite the progressive disciplinary approach employed by the City, the Licensee repeatedly demonstrated that he was unable to operate the establishment within the confines of the law. The revocation action represents a reasonable punishment after the logical progression of suspension sanctions." Decision of the DBR at 5.
The Council's articulation of these concerns constitutes competent evidence from which the DBR could reasonably conclude that the Council did not arbitrarily arrive at its decision. There is no evidence that the Council singled out appellant for especially harsh treatment; on the contrary, appellant's own review of liquor control violations in Woonsocket over the last five years indicates that no other establishment has been charged with as many as four violations of § 3-5-21. In short, appellant's contention that it has been singled out for especially harsh treatment is without merit because the record reflects that it is the only liquor establishment in Woonsocket's recent history that has shown such blatant disregard for the law. The Council would prove itself completely ineffective in the discharge of its liquor control duties if it continued to suspend appellant's license for limited periods of time after determining that appellant stubbornly and repeatedly refused to operate its business in a lawful manner. Accordingly, the record here contains reliable, probative, and substantial evidentiary support for the Council's decision, and the DBR was within its discretion in affirming it. This Court is therefore precluded from reversing the DBR's decision.
 COUNCIL'S FAILURE TO CONSIDER THE TRANSFER OF THE LICENSE
Appellant next argues that the Council abused its discretion when it refused to conduct a hearing on the transfer of appellant's liquor license to a prospective purchaser. Appellant contends that the Council was scheduled to consider the transfer of the license on the same day it adjudicated the liquor control violation and that it refused to conduct the transfer hearing after it determined that appellant's license would be revoked. Appellant claims that if the Council had conducted the hearing as scheduled and approved the transfer, it would not have been necessary to revoke the license because it would have been controlled by a new licensee with no history of liquor control violations. Therefore, appellant argues, the DBR's failure to consider the implications of a transfer before affirming the Council's decision constituted an abuse of discretion.
The Council contends that a hearing on the transfer of the license was unnecessary given its decision to revoke the license, since appellant could not legally transfer a license that had been revoked. It further argues that it was under no legal obligation to consider the application for transfer of the license rather than proceed with the revocation hearing. In its review of the Council's decision, the DBR agreed that the 9 Council's first priority should have been the adjudication of appellant's liquor control violation. The DBR's hearing officer stated:
 "A licensee has the duty to operate within the confines of the law while in possession of the license. If he fails to do so, a city or town has the right to take disciplinary action. A licensee cannot be heard to complain about the resulting punishment for the reason that it limits his ability to benefit financially. The DBR will not fault a city or town for giving top priority to compliance with the provisions of Title 3 as a condition of holding a liquor license." Decision of the DBR at 9.
This Court will reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record. Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). Furthermore, an agency is afforded deference in interpreting its governing statute. Whitehouse v. Davis, 774 A.2d 816
(R.I. 2001). Here, the DBR concluded that G.L. 1956 § 3-5-21(a) gives the Council the authority to proceed with the revocation hearing rather than consider the transfer application. The DBR affirmed the Council's finding that its first priority should be the adjudication of liquor control violations, not the financial interests of the violator. Appellant's assertion that the Council was legally obligated to consider the transfer application before it revoked appellant's license is unsupported by any provision of the Rhode Island General Laws or by existing case law. Appellant's alternative argument that it was within the Council's discretion to grant the transfer rather than revoke the license is also without merit, for as the Council has indicated and the DBR affirmed, such a decision would have inappropriately placed appellant's financial interests ahead of the public interest in the safe distribution and consumption of alcohol. A decision placing the public interest ahead of individual pecuniary gain is not clearly erroneous or characterized by an abuse of discretion. The reliable, probative, and substantial evidence of record clearly supports the DBR's conclusions. Accordingly, this Court is precluded from substituting its judgment for that of the DBR or reversing its decision.
 CONCLUSION
After reviewing the record before it, this Court finds that the DBR's decision affirming the Woonsocket City Council's revocation of appellant's liquor license was not arbitrary and capricious or characterized by an abuse of discretion. The substantial rights of the appellant have not been prejudiced. Accordingly, this Court affirms the DBR's decision and denies the appeal. Counsel shall prepare an appropriate order for entry.