DECISION
This agency appeal was brought by James Vendetti (the "appellant"), who appealed the Rhode Island Department of Human Services' (the "appellee" or "DHS") decision that he was not eligible for disability benefits because the impairment from which he suffered was expected to last fewer than twelve months. This Court has jurisdiction pursuant to G.L. 1956 §42-35-15 (b). After reviewing the record and considering the arguments, the Court reverses the decision of the appellee and remands this case to the DHS for a further hearing consistent with this decision.
 Facts and Travel
On September 26, 2002, the appellant was injured in a serious motor vehicle accident, which caused him to remain at Rhode Island Hospital as an inpatient until October 15, 2002. The appellant suffered a left acetabular fracture, a left clavicle fracture, an intracranial bleed, and a left femoral head fracture and underwent surgery on October 4, 2002. While in the hospital, the appellant received physical therapy. As a result of the injuries sustained in the accident, the appellant needed assistance to complete most daily chores: such as dressing, bathing, and preparing food.
On or about October 8, 2002, the appellant filed an application for Medical Assistance with the appellee, the Rhode Island Department of Human Services. In a decision of October 10, 2002, the DHS's Medical Review Team ("MART") determined that the appellant was not disabled. The DHS sent a denial letter to the appellant on October 24, 2002. The appellant timely requested an administrative hearing, which was heard on December 4, 2002. At the hearing, the appellant, his representative, who was a paralegal at Legal Services, and a member of MART appeared on the record. The appellant also submitted his medical evaluation evidence to the Hearing and Appeals Officer, Chuck Rosenblum ("hearing officer"); this included, inter alia, three MA-63 forms and a MA-70 form. Upon appellant's request, the administrative record was kept open until January 31, 2003.
In a written decision of February 12, 2003, the hearing officer determined that the appellant was not eligible for benefits because the record lacked substantiated evidence that the appellant's impairment would last twelve months or more. The appellant filed the instant appeal to this Court arguing (1) that the DHS's findings were contrary to the substantial evidence of record, (2) that the DHS applied an improper durational standard, and (3) that the DHS's decision is based upon improper ex parte evidence.
 Jurisdiction and Review
The appellant filed a timely appeal to the Court pursuant to G.L. 1956 § 42-35-15 (b). Regarding the scope of review, § 42-35-15 (g) sets out that:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion
Thus, the Court's review is not de novo, but rather limited to the strictures of the General Laws. Munroe v. Town of East Greenwich,733 A.2d 703, 705 (R.I. 1999). "The Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Id. "Rather `its review is confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law.'" Id. (quoting Kirby v. Planning Board ofReview of Middletown, 634 A.2d 285, 290 (R.I. 1993)). "Legally competent evidence is `relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance.'" Arnold v. Rhode Island Dep'tof Labor and Training Bd. of Rev., No. 2001-237-M.P. (AA 00-82), R.I. Supreme Ct., slip op. at 3, 2003 R.I. LEXIS 71* (March 26, 2003) (quotingCenter for Behavioral Health, Rhode Island, Inc. v. Barros, 710 A.2d 680, 684 (R.I. 1998)).
"When more than one inference may be drawn from the record evidence, the Superior Court is precluded from substituting its judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any evidentiary support." Rocha v. State of Rhode Island Public UtilitiesCommission, 694 A.2d 722, 726 (R.I. 1997) (citing Sartor v. CoastalResources Management Council, 542 A.2d 1077, 1083 (R.I. 1988)); G.L. 1956 § 42-35-15 (g). Questions of law, however, are not binding on a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Comm'n, 509 A.2d 453, 458 (R.I. 1986).
 The Disability Determination
Since the medical assistance program is a product of the federal Social Security Act, 42 U.S.C. § 1396 et seq. the DHS, which is responsible for administering the program in the State of Rhode Island, G.L. 1956 § 40-8-1 et seq., is required to follow and adopt federal definitions and guidelines. In order to be eligible for medical assistance under federal law, an individual must (1) be sixty-five years old, or (2) have defective vision so as to prevent performance of ordinary activities, or (3) be at least eighteen years old and permanently and totally disabled. See also G.L. 1956 § 40-8-3.
Federal guidelines set forth a five-step sequential procedure to determine whether an individual is disabled:
 1. Is the claimant engaged in a substantial activity? 2. If not, is the impairment(s) severe? 3. If severe, does it meet or equal an impairment listed in the Supplemental Security Income (SSI) regulations? 4. If it does not meet or equal SSI regulations, dos the impairment(s) prevent the claimant from doing past relevant work? 5. Considering age, education, work experience, and "residual functional capacity," does the impairment(s) prevent the claimant from doing other work in the national economy.
See 20 C.F.R. § 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987). Once a negative answer is reached at any step, except step three, the DHS officer must conclude its inquiry at that point and reach a determination of not disabled. Id.
With respect to the step two determination of whether the individual's impairment is severe, the DHS must determine whether the individual's impairment has lasted or is expected to last for a continuous period of at least twelve months. This is referred to as the durational requirement. 20 C.F.R. § 404.1505, 416.909. In the present case, the hearing officer concluded that there was "a lack of medical evidence to substantiate the durational requirement." Therefore, he denied the appellant's application for medical assistance. Administrative HearingDecision, February 12, 2003 at 5.
In order to make his determination, the hearing officer reviewed the administrative hearing testimony and the evidence submitted by the appellant. The hearing officer specifically discussed and considered each of the three MA-63 forms submitted by the appellant. The MA-63 form, which is the DHS's own creation, is a physician examination report that is issued by the DHS to the applicant, who in turn submits it to his/her physician to fill out. The MA-63 form is then returned to DHS and used for the determination of disability.
The first MA-63 form submitted by the appellant was signed by Dr. Andrew Smith ("Dr. Smith"), who was the appellant's surgeon, and was dated October 8, 2002, which date, for the sake of chronology, was a couple of weeks after the appellant underwent surgery and before he was denied medical assistance benefits by MART. In his review Dr. Smith's MA-53, the hearing officer noted that Dr. Smith expected the duration of the appellant's impairment to be less than twelve months.
The second MA-63 form submitted by the appellant was signed by Dr. DiGuilio and dated November 7, 2002, which date was after MART denied benefits to the appellant, but before the administrative hearing. Dr. DiGuilio, whom the appellant states was filling in for Dr. Smith, examined the appellant and concluded that his impairment would last for at least twelve months. On the MA-63 form, Dr. DiGuilio checked "YES" in the box on the first page that asks "Is this impairment(s) expected to last 12 months or result in death." Moreover, under the section labeled Diagnosis/Findings where the form asks "Prognosis (How long is this condition expected to last)," Dr. DiGuilio wrote "expected to last 12 months."[1] In his review of this MA-63 form, the hearing officer commented that although Dr. DiGuilio that the impairment would last at least twelve months, Dr. DiGuilio "provides no other insight into his prognosis." Decision at 4.
The appellant submitted his last MA-63 form, which was signed by Dr. Simmerano and dated January 14, 2003, to the hearing officer after the administrative hearing, but while the administrative record was still open.[2] In apparent agreement with Dr. DiGuilio prognosis in the MA-63 form of November 2002, Dr. Simmerano checked the "YES" box on the DHS's MA-63 form indicating his belief that the appellant's impairment would last at least twelve months. Likewise, however, in reviewing this MA-63 form, the hearing officer commented that Dr. Simmerano's prognosis was unsubstantiated. Decision at 4. The hearing officer also noted Dr. Simmerano's indication that the appellant was following the prescribed physical therapy.
In making his determination, the hearing officer also considered some diagnostic imaging reports from November 2002, and concluded that they showed that the appellant's impairment was improving. Based on the medical evidence before him, the hearing officer determined that the appellant had an impairment of such severity as to affect at least one basic work function. The hearing officer followed that finding, however, with a finding that since the administrative record before him lacked any substantiation that the duration of the appellant's impairment would last at least twelve months, the durational requirement was not met and the appellant was therefore not disabled.
The appellant argues that the hearing officer rejected his physicians' opinions without following the proper procedures set out in20 C.F.R. § 416.927(d)(2); namely, that the hearing officer will give good reasons in his decision for the weight it gave to the treating physician's opinion. In his decision, however, the hearing officer clearly gave his reason for not affording Dr. DiGuiho's and Dr. Simmerano's opinions significant weight regarding the expected duration of the appellant's impairment; namely, he found they had failed to substantiate their opinions with any medical evidence. Ultimately, the hearing officer found that the appellant failed to carry his burden of proof as to the expected duration of his impairment. This Court notes that the law is well-settled that an applicant bears the burden of proof as to the severity of his impairment. Bowen, 482 U.S. at 146 n. 5.
The appellant also asserts that the hearing officer did not properly weigh the evidence that he had not proceeded with the recommended physical therapy after his surgery. First, as noted by the appellant, although Dr. Smith opined that the appellant's impairment would not last twelve or more months, he explicitly stated on the MA-63 form that the appellant's impairment would improve as he continued to follow the recommended physical therapy regimen. Based upon both the MA-63 form signed by Dr. Simmerano and the appellant's brief, the reliable, substantial, and probative evidence of record clearly indicates that the appellant failed to follow the recommended physical therapy regimen simply because he lacked insurance and could not afford it. The hearing officer did not address this relevant evidence in his decision. Thus, there is a question as to whether Dr. Smith's opinion as to the duration of the appellant's impairment would have changed if he knew that the appellant could not afford therapy.
Furthermore, with respect to the hearing officer's sole mentioning of the appellant's inability to attend physical therapy was done in a way that implied that he weighed this information unfavorably towards the appellant. The law is clear, however, that a claimant "cannot be denied benefits for failing to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment." Gamble v. Chater,68 F.3d 319, 321 (9th Cir. 1995); Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) (remediable conditions may become disabling if claimant cannot afford remediable treatment); Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987) (medicine or treatment that claimant cannot afford is no more a cure than if it had never been discovered); Social SecurityRuling 82-59 (claimant who otherwise meets disability criteria cannot be denied benefits for failing to obtain treatment that he cannot afford).
Even though the scope of this Court's review is narrow, the Court will not affirm an agency decision where the hearing officer either ignores or erroneously weighs relevant evidence. The only rational implication that can be drawn from the hearing officer's decision is that he viewed the applicant's failure to follow the recommended physical therapy regimen pejoratively, which, as a matter of law, he was not entitled to do. This Court therefore reverses the decision.
 The Duration Requirement Standard
The appellant argues further that the DHS and hearing officer applied the wrong duration requirement standard. To satisfy the duration requirement, an impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909. The appellant avers that the DHS and hearing officer did not consider how long the impairment had lasted, but rather only considered how long it was expected to endure into the future in making their determination that he was not disabled. In his decision, the hearing officer's definition of the duration requirement did not include "the must have lasted" portion of the definition but only the "expected to last" portion. The appellant argues that this same erroneous standard is used on the DHS's MA-63 forms that only ask the physician how long the impairment is expected to last without including in that time frame time already lapsed. The DHS merely asserts that the correct duration requirement standard was applied.
As noted above, the DHS is required to adopt and adhere to federal guidelines and definitions. The definition of the duration requirement located at 20 C.F.R. § 416.909 clearly includes the continuous period beginning with the onset of the impairment until the impairment is expected to end. Therefore, in determining whether the duration requirement has been satisfied, the DHS must consider not only the amount of time that the impairment will endure into the future, but also that time which has already passed. The standard enunciated by the hearing officer in his decision and by the DHS on its MA-63 form does not facially seem to encompass that time prior to the hearing or that time prior to the filling out of the MA-63 form for which the appellant has been suffering; therefore, the standard used by the DHS does not conform to the one laid out at 20 C.F.R. § 416.909.
Furthermore, the DHS's MA-63 form is rather disingenuous in its presentation of duration requirement inquiries. On the first page, the MA-63 form poses the question, "Is this impairment(s) expected to last 12 months or result in death." The physician filling out the form has the opportunity to check only a "YES" or "NO." First, the question fails to include or consider the first part of the duration requirement inquiry; namely, whether the impairment has already lasted twelve months. The question, from the point of view of a reasonable person filling out the form, looks only towards the future and does not relate back to when the impairment commenced.
Second, and of importance here, there is no subsequent line seeking further elaboration if the physician answers "YES," which is the case for other questions posed on the first page, such as "Have you examined or treated this patient before? If yes, please relate the pertinent previous findings." On the second page of the MA-63 form, under the section labeled "Diagnosis/findings," the DHS form again asks the physician how long the impairment is expected to last, and again, the question only looks towards the future and does not indicate that the DHS seeks elaboration if the physicians opines that the impairment will last twelve months or longer. Here, the DHS and hearing officer have determined that the appellant's physicians did not substantiate their opinions regarding the duration of his impairment. However, the DHS's MA-63 form does not seek elaboration or substantiation for the duration requirement inquiry. Thus, a reasonable person filling out the MA-63 form would think that they had satisfied the DHS's concerns regarding the duration requirement by simply checking "YES" next to the relevant question. Unfortunately for the unwary appellant, the DHS demands more information regarding the duration requirement than it asks for in order for an applicant to satisfy the durational requirement.
This Court finds that the duration requirement standard used by the hearing officer was legally improper and that the DHS's MA-63 form is unnecessarily misleading and completely lacking candor as to what information the DHS seeks regarding the physician's opinion concerning the duration requirement. This Court, therefore, reverses the decision of the hearing officer and remands the case for another hearing. See DaRosav. Secretary of Health Human Services, 803 F.2d 24, 26 (1st Cir. 1986) (application of inappropriate legal standard warranted remanding the case for another hearing). The appellant should take advantage of this opportunity to present evidence concerning the duration requirement to the hearing officer.
 Conclusion
After reviewing the entire record, the Court reverses the decision of the hearing officer. The Court finds that the reliable, probative, and substantial evidence of record does not support the hearing officer's decision; nor is the hearing officer's decision based upon competent evidence. Furthermore, the Court also finds the DHS's decision is affected by error of law and is arbitrary and capricious. This Court finds that the hearing officer improperly weighed relevant evidence as a matter of law and applied an improper legal standard concerning the duration requirement. The decision of the hearing officer is reversed and the case is remanded to the hearing officer for another hearing.
[1] The appellant claims that it was Dr. Smith who filled in this section, not Dr. DiGuilio, which evidences that Dr. Smith had changed his prognosis by November 7, 2002. There is, however, no offer of proof as to that assertion in the record before this Court other than said assertion.
[2] Although the administrative hearing occurred on December 4, 2002, the administrative record was left open until January 31, 2003.